JESSE B. WHITLEY *vs.* COMMONWEALTH (and a companion case[1]). December 5, 1975. These are two matters reserved and reported without decision by a single justice, where the petitioners severally seek relief under G. L. c. 211, § 3. In the *Searcy* case there were applications for issuance of process against one Boston police officer for assault and battery with a dangerous weapon and against two Boston police officers for threats. A judge of the Municipal Court of the City of Boston declined to issue process. In the *Whitley* case the petitioner applied in the Municipal Court of the Dorchester District for issuance of process against one Boston police officer for assault and battery with a dangerous weapon, and against another for assault with a dangerous weapon. In this case, after conducting a hearing at which the petitioner, the officers and their witnesses were examined, the clerk of the court declined to issue process. A judge of the Municipal Court of the Dorchester District, while upholding the propriety of the procedures employed by the clerk, ordered a hearing to be held before him on the petitioner's application but stayed proceedings pending this court's disposition of the present petition. We have no inclination to invoke G. L. c. 211, § 3, in response to the peti-

---

[1] Lawrence C. Searcy *vs.* Commonwealth.

tions. The rights asserted by the petitioners are not private but are in fact lodged in the Commonwealth as it may proceed to enforce its laws. *Pugach* v. *Klein,* 193 F. Supp. 630, 635 (S.D.N.Y. 1961). "[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S.* v. *Richard D.* 410 U.S. 614, 619 (1973). Compare *Corey* v. *Commonwealth,* 364 Mass. 137 (1973), and *Myers* v. *Commonwealth,* 363 Mass. 843 (1973), where this court did exercise jurisdiction under G. L. c. 211, § 3, to review preliminary criminal proceedings when substantive rights of the petitioners were directly involved. The petitioners, if aggrieved, have recourse to relief through administrative procedures or civil suit. It may further be stated that there is nothing before us which indicates any impropriety in the failure to issue process in these cases. In view of the disposition of these matters we do not consider the propriety of the representation of Whitley by the Massachusetts Defenders Committee.

*Petitions dismissed.*

*William J. Leahy* for Jesse B. Whitley.

*Max D. Stern* for Lawrence C. Searcy.

*Robert V. Greco,* Assistant Attorney General, for the Commonwealth.

*Ernest Winsor,* for Civil Liberties Union of Massachusetts & another, amici curiae, submitted a brief.