DAVID MANNING, JR. *vs.* MUNICIPAL COURT OF THE
ROXBURY DISTRICT & another.[1]

Suffolk.    March 10, 1977. — April 4, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts.    *District
    Attorney.    Practice, Criminal,* Complaint, Probable cause.

The victim of an alleged crime has no statutory or constitutional right
    to challenge a judicial determination that there was no probable
    cause for the charge. [317-318]
The victim of an alleged crime has no right to challenge a district at-
    torney's decision to discontinue the prosecution. [318]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on July 7, 1976.

The case was heard by *Kaplan, J.*

*Robert S. Wolfe* for the plaintiff.

*Willie Ivory Carpenter, Jr.,* Special Assistant District
Attorney, for the District Attorney for the Suffolk district.

*Arnold Felton,* Special Attorney General, for the Mu-
nicipal Court of the Roxbury District.

WILKINS, J.    In the evening of September 16, 1975, just
after the end of the third inning of a baseball game be-
tween the Boston Red Sox and the Baltimore Orioles, the
plaintiff, a spectator in the right field bleachers at Fenway
Park, was struck in the head by a baseball thrown from
the visiting team's bullpen by Ross Grimsley, a Baltimore

[1] The other defendant is Garrett H. Byrne as he is the district at-
torney for the county of Suffolk.

The plaintiff brought his action against the individual judge as a
justice sitting in the Municipal Court of the Roxbury District. The ac-
tion should have been brought against the court on which the judge
served (*Costarelli* v. *Municipal Court of the City of Boston,* 367 Mass.
35 n.1 [1975]), and we have treated this action as if the plaintiff had
done so.

Oriole pitcher. The plaintiff sought and ultimately obtained a complaint from the Municipal Court of the Roxbury District (Municipal Court) charging Grimsley with assault and battery with a dangerous weapon. A probable cause hearing was held in that court in April, 1976. The judge heard testimony, some of it presented by an assistant district attorney, and ruled that he could not find probable cause for the charge. Thereafter, the plaintiff requested the district attorney for Suffolk County to take action either by seeking "review" of the matter by a single justice of this court or by presenting evidence to a grand jury. On June 17, 1976, an assistant district attorney wrote the plaintiff's counsel that "[t]he District Attorney's Office anticipates no further action on the matter...." The plaintiff then brought this proceeding seeking relief under G. L. c. 211, § 3, from a single justice of this court.

The plaintiff requested, alternatively, a direction to the Municipal Court judge that he find probable cause, a direction that the criminal complaint be set down for trial in the Superior Court, or a direction that a new probable cause proceeding be held. Additionally, the plaintiff sought a declaration that the district attorney was responsible for "the further prosecution of Ross Grimsley utilizing whatever remedies that may be available to accomplish that end." The plaintiff rested his alleged right to the requested relief on provisions of the Declaration of Rights of the Constitution of the Commonwealth.[2]

Each defendant moved to dismiss the action, and, after hearing, judgment was entered dismissing the action. The plaintiff has appealed. There was no error.

The plaintiff's argument assumes that a person is entitled to relief under the general superintendency powers of this court (G. L. c. 211, § 3) if he establishes that (1) he has been denied a constitutional right by the action of a judge or a district attorney and (2) he has no other

---

[2] He relied on a right to safety guaranteed by arts. 2, 5, and 7, and on a right to "just, fair and equal treatment under the laws..." as provided in arts. 10, 11, 18, and 19.

means of protecting that constitutional right. In other words, the plaintiff's argument assumes that the single justice had no discretionary authority to deny him relief. We accept this contention solely for the purpose of deciding this case, leaving for another day the question whether the plaintiff's assumption is correct.

1. The plaintiff's claim against the judge of the Municipal Court is based on an assertion that a victim of an alleged crime has the right to challenge a judicial determination that there is no probable cause to believe that the crime was committed.

The plaintiff has not been denied his right to bring a civil action against Grimsley. Nor was he barred by the Municipal Court judge's decision from seeking relief, as he did here, from the district attorney who, if he wishes, could present the matter to a grand jury. The plaintiff concedes that he has no statutory right to challenge the judge's determination. He rests his case on provisions of the Constitution of the Commonwealth which heretofore have not been treated as he now claims they should be.

The victim of an alleged crime has no right to challenge a judicial determination which forecloses further prosecution of that alleged crime. Although a victim may seek a complaint against the alleged criminal (see G. L. c. 218, §§ 32, 33, and 35), the prosecution of any complaint, once issued, is conducted in the interests of the Commonwealth and not on behalf of the alleged victim. Thus, if a judge declines to issue a complaint, determines that there is no probable cause, or finds a defendant not guilty, the complainant has no constitutional right to challenge that determination.

In *Whitley* v. *Commonwealth*, 369 Mass. 961 (1975), we dismissed a petition under G. L. c. 211, § 3, which sought relief from a Municipal Court judge's refusal to issue criminal process. We said that "[t]he rights asserted by the petitioners are not private but are in fact lodged in the Commonwealth as it may proceed to enforce its laws." We quoted from *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 619 (1973), that "in American jurisprudence . . . a private

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Granting that the Constitution of the Commonwealth defines rights which may not be expressed similarly in the Constitutions of other jurisdictions, there is no basis for finding a constitutional right of the character claimed by the plaintiff.

2. The plaintiff's claim against the district attorney must fail for the same reason. A district attorney has wide discretion in determining whether to prosecute an individual, just as he has wide discretion in determining whether to discontinue a prosecution once commenced. See *Commonwealth* v. *Brandano,* 359 Mass. 332, 335 (1971) ; *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 18-19 (1923). In *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 489 (1921), we said of a district attorney, "The authority vested in him by law to refuse on his own judgment alone to prosecute a complaint or indictment enables him to end any criminal proceeding without appeal and without the approval of another official." Here, after the probable cause hearing in which he participated, the district attorney elected to proceed no further. There is no showing of improper conduct or of a violation of any constitutional right of the plaintiff in the district attorney's decision to take no further action. The plaintiff has no constitutional right to direct the conduct of a public prosecutor.

*Judgment affirmed.*