CRAIG TAYLOR *vs.* NEWTON DIVISION OF THE DISTRICT COURT DE-
PARTMENT. October 29, 1993. *Supreme Judicial Court*, Superintendence
of inferior courts. *Practice, Criminal*, Complaint.

A single justice of this court denied without a hearing the plaintiff's
petition under G. L. c. 211, § 3 (1992 ed.). There was no error.

In his petition, the plaintiff has named the Newton Division of the Dis-
trict Court Department, its clerk-magistrate, the two judges of that court
and the Chief Justice of the District Court Department as defendants. He
seeks an order compelling the District Court to allow him to file applica-
tions for criminal complaints and an order to issue process on these
complaints.

The plaintiff argues error in the failure of the single justice to grant him
a hearing at which he might make oral argument. He also claims error in
the failure of the single justice to make written findings. The rules for the
regulation of practice before a single justice of this court do not require
the single justice to grant a hearing or to make findings. See S.J.C. Rule
2:11, as appearing in 382 Mass. 748 (1981).

Moreover, the denial of relief was proper because one is entitled to ex-
traordinary relief under G. L. c. 211, § 3, only when that person has no
other legal remedy. See *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631
(1977).

Furthermore, before the single justice denied this petition, a Superior
Court judge had dismissed an action for declaratory and injunctive relief
and damages based on essentially the same allegations set forth in his peti-
tion. The plaintiff never appealed from that dismissal.

Finally, on the merits, it is settled beyond cavil that a private citizen has
no judicially cognizable interest in the prosecution of another. The rights
which the plaintiff seeks to enforce criminally are not private but in fact
are lodged in the Commonwealth, though he has rights to proceed in a
civil action. See *Manning* v. *Municipal Court of the Roxbury Dist.*, 372
Mass. 315, 317 (1977); *Whitley* v. *Commonwealth*, 369 Mass. 961, 962
(1975). See also *Linda R.S.* v. *Richard D.*, 410 U.S. 614, 619 (1973).

In retrospect, this petition might have been avoided if at least the forms
for filing the application for criminal process had been furnished to the
plaintiff. However, he has not demonstrated the abridgment of any sub-
stantive rights by a withholding of the forms.

*Judgment affirmed.*

*Craig Taylor*, pro se.
*Nancy W. Geary*, Assistant Attorney General, for the defendants.