# RESCRIPT OPINIONS.

ALEX A. TARABOLSKI *vs.* DONALD WILLIAMS. November 21, 1994. *Practice, Criminal,* Complaint. *Judge.*

The plaintiff, Alex A. Tarabolski, sought criminal complaints against the defendant, Donald Williams, in the Stoughton Division of the District Court Department. He alleged that the defendant, a Sharon police officer, committed the crimes of breaking and entering, kidnapping, and false imprisonment. After a hearing, a judge of the District Court denied the plaintiff's request for the issuance of criminal complaints. Pursuant to G. L. c. 211, § 3 (1992 ed.), the plaintiff petitioned a single justice of this court seeking a reversal of the District Court judge's determination. The plaintiff also asserts that the District Court judge should have disqualified himself. The plaintiff asks that this matter be remanded "to Norfolk Superior Court for further proceedings and allow a trial on the criminal complaints." The single justice denied the plaintiff's G. L. c. 211, § 3, petition. The plaintiff appealed to the full court.

The facts are as follows. On January 18, 1991, the plaintiff telephoned the Sharon police department to report a dispute with his neighbor. Officer Williams responded to that call. According to the plaintiff, after talking with the plaintiff, the defendant left the plaintiff's home. The plaintiff alleges that Williams returned to the plaintiff's home and let himself into the home by using a latch key left in the lock. The plaintiff asserts that Williams forced him into an ambulance that took him to Norwood Hospital. The next day the plaintiff was transferred to Fuller Memorial Hospital where he remained for ten days.

The plaintiff argues that it was error to deny his request for the issuance of criminal complaints. The plaintiff asserts that the District Court judge's refusal to recuse himself because of "judicial prejudice" violated the plaintiff's Federal and State constitutional rights to due process of law. The plaintiff concludes that the single justice erred in denying him relief. We do not agree.

The plaintiff's argument assumes that the victim of an alleged crime has a right to challenge "a judicial determination which forecloses . . . prosecution of that alleged crime." *Manning* v. *Municipal Court of the Roxbury Dist.,* 372 Mass. 315, 317 (1977). There is no merit to that contention. "[I]f a judge declines to issue a complaint . . . the complainant has no constitutional right to challenge that determination." *Id.* "The rights asserted by the [plaintiff] are not private but are in fact lodged in

the Commonwealth as it may proceed to enforce its laws." *Whitley* v. *Commonwealth*, 369 Mass. 961, 962 (1975). "[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S.* v. *Richard D.*, 410 U.S. 614, 619 (1973).[1] The plaintiff had no constitutional or statutory right to have criminal complaints issue.

The plaintiff contends he was denied a fair hearing because the District Court judge did not recuse himself. The plaintiff claims that there was an earlier, unrecorded, hearing showing "judicial prejudice." In the District Court transcript, the plaintiff made no mention of an earlier hearing. The record does not support the claim that the judge had "a personal bias or prejudice concerning a party." S.J.C. Rule 3:09, Canon 3 (C) (1) (a), as appearing in 382 Mass. 811 (1981).

The judgment of the single justice is affirmed.

*So ordered.*

*Alex A. Tarabolski*, pro se.
*Susan E. Bernstein* for the defendant.

---

[1]In his brief, the plaintiff states that he has brought a civil action against the defendant. The plaintiff, therefore, is not without any remedy.