JUDITH CARROLL, petitioner. February 10, 2009. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Standing, Complaint, Issuance of process, Nolle prosequi, District Attorney.

Judith Carroll appeals from a judgment of the county court denying her petition for relief under G. L. c. 211, § 3. Carroll alleges that she was sexually assaulted by James Marzilli, who was at the time a State legislator. She applied to the Cambridge Division of the District Court Department for a criminal complaint. After a magistrate's hearing at which neither Marzilli nor his attorney appeared, a complaint issued charging Marzilli with two counts of indecent assault and battery. A summons issued requiring Marzilli to appear for arraignment. However, one week before the arraignment was to take place, the district attorney nol prossed the case. In her G. L. c. 211, § 3, petition, Carroll argued that although the district attorney clearly has the authority to file a nolle prosequi after an arraignment, he could not properly do so before an arraignment. For relief, Carroll requested that the magistrate be ordered to issue a new summons commanding Marzilli to appear for and submit to formal arraignment proceedings.

It is clear on the record that the single justice properly denied relief. "[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Hagen* v. *Commonwealth,* 437 Mass. 374, 380 (2002), quoting *Tarabolski* v. *Williams,* 419 Mass. 1001, 1002 (1994). That Marzilli had not been arraigned when the nol pros entered is immaterial.[1] "A private party's rights with respect to the criminal complaint process are limited to the filing of an application and court action on that application. Once a private party alerts the court of the alleged criminal activity through the filing of an application and the court responds to that application, the private party's rights have been satisfied." *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't,* 435 Mass. 136, 141 (2001). A criminal complaint and summons having issued on Carroll's application, she has no further standing in this matter.[2]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Wendy J. Murphy* for the petitioner.

---

[1]Carroll appears to concede that the district attorney has the authority to nol pros a criminal complaint once process has issued. We reject her assertion that "process," for this purpose, means the arraignment of the defendant, as opposed to the complaint and summons issued by the District Court. See Mass. R. Crim. P. 6 (a), 378 Mass. 852 (1979).

[2]Carroll is free to pursue her allegations against Marzilli by commencing a civil action. We express no view on the merits of any such action. To the extent that Carroll suggests that the district attorney abused his office, her remedy lies in the electoral process or in a complaint to the Board of Bar Overseers. Again, we express no view on the merits of any such complaint.