NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12314

COMMONWEALTH  vs.  ORBIN O., a juvenile.


Berkshire.     November 7, 2017. - February 5, 2018.

Present:  Gants, C.J., Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Delinquent Child.  Probable Cause.  Juvenile Court, Delinquent
    child.  Practice, Criminal, Juvenile delinquency
    proceeding, Complaint, Show cause hearing, Dismissal.



Complaint received and sworn to in the Berkshire County
Division of the Juvenile Court Department on April 14, 2016.

A motion to dismiss was heard by Judith A. Locke, J.

The Supreme Judicial Court granted an application for
direct appellate review.


Kyle G. Christensen, Assistant District Attorney (Joseph A.
Pieropan, Assistant District Attorney, also present) for the
Commonwealth.
Afton M. Templin for the juvenile.
The following submitted briefs for amici curiae:
Miriam H. Ruttenberg, Jennifer Honig, & Phillip Kassel for
Mental Health Legal Advisors Committee & others.
Ryan M. Schiff, Committee for Public Counsel Services, &
Joseph N. Schneiderman for Youth Advocacy Division of the
Committee for Public Counsel Services.
Daniel F. Conley, District Attorney for the Suffolk
District, & John P. Zanini, Assistant District Attorney, for

District Attorney for the Suffolk District.

GANTS, C.J.  In Commonwealth v. Newton N., 478 Mass.   ,
(2018), also decided today, in which a police officer applied
for and obtained a delinquency complaint, we held that, "where a
prosecutor exercises his or her discretion to proceed to
arraignment on a delinquency complaint supported by probable
cause, the judge may not dismiss the complaint before
arraignment on the grounds that dismissal of the complaint is in
the best interests of the child and in the interests of
justice."  We consider here whether that same limitation on
judicial authority in deciding a motion to dismiss applies to a
delinquency complaint brought by a private party under G. L.
c. 218, § 35A, where a clerk-magistrate issued the complaint
after finding probable cause.  We conclude that this same
limitation applies only where the prosecutor has affirmatively
adopted the private party's complaint by moving for arraignment.
In cases where the prosecutor has not so moved, a judge
considering a juvenile's motion to dismiss prior to arraignment
may consider whether the clerk-magistrate abused his or her
discretion in issuing the complaint and, in doing so, may

consider whether dismissal is in the best interests of the child and in the interests of justice.[1]

Background.  On March 24, 2016, the vice-principal of the juvenile's charter school filed an application under G. L. c. 218, § 35A, for a delinquency complaint, alleging that the juvenile committed an assault and battery in the classroom against a paraprofessional instructor, in violation of G. L. c. 265, § 13A (a).  Following a show cause hearing, the clerk-magistrate issued a delinquency complaint, along with a written summary of the testimony presented at the hearing.  The juvenile then moved to dismiss the complaint before arraignment.

On May 5, 2016, a hearing was held on the motion to dismiss.  The Juvenile Court judge, based on the documents attached to the application for the complaint and the relevant evidence presented at the show cause hearing, allowed the juvenile's motion to dismiss and subsequently issued written findings of fact and conclusions of law.

We summarize the judge's material findings, supplemented by other information in the record before the judge.  On March 11, 2016, the fourteen year old juvenile was in class at the charter

---

[1] We acknowledge the amicus briefs submitted by the district attorney for the Suffolk district; by the youth advocacy division of the Committee for Public Counsel Services; and by the Mental Health Legal Advisors Committee, on behalf of the Center for Public Representation, Massachusetts Advocates for Children, Strategies for Youth, Citizens for Juvenile Justice, and the Center for Civil Rights Remedies.

school he attended.  The juvenile became frustrated during a classroom interaction with the paraprofessional instructor assigned to the class, prompting the instructor to tell the juvenile to take a break, which was in keeping with the juvenile's individualized education program (IEP) and an accommodation granted to the juvenile at the school.  The juvenile swore at the instructor, and when the instructor told the juvenile he needed to go to the office, the juvenile replied, "Fight me."  The instructor told the other students to go into the hallway and then stood in front of the classroom door while the juvenile remained in the classroom.  When the juvenile "shouldered" into the instructor in an attempt to leave the classroom, the instructor placed the juvenile in a "basket hold" for approximately thirty seconds as a safety maneuver.  As the juvenile struggled against the basket hold, he elbowed the instructor in the face.

The judge noted that the juvenile's IEP "specifically discouraged the school staff from engaging in power struggles with him and encouraged him to leave situations so as to deescalate them."  She found that the instructor "caused the touching" by physically blocking the juvenile from leaving the classroom when "[the juvenile] was trying to deescalate a situation using steps the [school] incorporated into his [IEP]." The judge concluded that, under these circumstances, there was

not probable cause to believe that the juvenile acted intentionally or recklessly "in an altercation in which there was physical contact between [him and the instructor]." The Commonwealth appealed, and we granted the juvenile's application for direct appellate review.

Discussion. The Commonwealth argues that the judge erred in granting the juvenile's prearraignment motion to dismiss because the evidence in the record before her established probable cause that the juvenile committed an assault and battery. The Commonwealth further claims that the judge erred by considering as part of the probable cause analysis an "affirmative defense," insofar as the argument that the juvenile acted in conformance with his IEP by seeking to leave the classroom after the instructor blocked the exit could be construed as an affirmative defense.

"[A] motion to dismiss a complaint [for lack of probable cause] 'is decided from the four corners of the complaint application, without evidentiary hearing.'" Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013), quoting Commonwealth v. Huggins, 84 Mass. App. Ct. 107, 111 (2013). "To establish probable cause, the complaint application must set forth 'reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense.'" Humberto H., supra,

quoting Commonwealth v. Roman, 414 Mass. 642, 643 (1993).  "The complaint application must include information to support probable cause as to each essential element of the offense."  Humberto H., supra at 565-566.  Probable cause requires "more than mere suspicion," id. at 565, quoting Roman, supra, but "considerably less than proof beyond a reasonable doubt, so evidence that is insufficient to support a guilty verdict might be more than sufficient to establish probable cause."  Humberto H., supra.  See Commonwealth v. O'Dell, 392 Mass. 445, 451 (1984), quoting K.B. Smith, Criminal Practice and Procedure § 104 (1983) ("Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction").  Because the sufficiency of the evidence to establish probable cause is a question of law, we review the judge's probable cause determination de novo.  See Humberto H., supra at 566.

Under the common law, an intentional assault and battery is "the intentional and unjustified use of force upon the person of another, however slight."  Commonwealth v. Porro, 458 Mass. 526, 529 (2010), quoting Commonwealth v. McCan, 277 Mass. 199, 203 (1931).[2]  Here, the judge essentially found that the juvenile's

---

[2] We do not address the second theory of assault and battery, reckless assault and battery, because it "is committed

shouldering was an unconsented-to touching that was intended to push the instructor away from the classroom door so that the juvenile could leave the classroom.  In finding that the juvenile intended to shoulder the instructor, but ultimately holding that there was insufficient evidence of intent, we understand the judge to have concluded that the juvenile's act of shouldering into the instructor was legally justified by the juvenile's desire to leave the classroom, which was permitted as a deescalation strategy in his IEP.  We reject the notion that a child is justified in committing a battery against an instructor who is blocking his or her egress from a classroom because the child's IEP permits the child to leave the classroom when he or she becomes agitated.  Cf. Commonwealth v. Moreira, 388 Mass. 596, 601 (1983) ("in the absence of excessive or unnecessary force by an arresting officer, a person may not use force to resist an arrest by one who he knows or has good reason to believe is an authorized police officer, engaged in the performance of his duties, regardless of whether the arrest was unlawful in the circumstances").  Consequently, we conclude that the judge erred in finding that there was not probable cause to

_____

when an individual engages in reckless conduct that results in a touching producing physical injury to another person." Commonwealth v. Porro, 458 Mass. 526, 529 (2010).  There was no evidence in the record before the judge that the instructor sustained any physical injury.

believe that the juvenile acted intentionally in shouldering into his instructor.

In Newton N., 478 Mass. at    , where a police officer applied for and obtained a delinquency complaint, and where the complaint was supported by probable cause, we held that the Juvenile Court judge could not dismiss the complaint before arraignment on the grounds that dismissal of the complaint was in the best interests of the child and in the interests of justice.  Here, however, the complainant was a civilian, not a police officer, and the civilian obtained the delinquency complaint after a show cause hearing under G. L. c. 218, § 35A.

The Legislature's enactment of G. L. c. 218, § 35A, "has allowed private parties to seek criminal complaints in the case of misdemeanors."  Bradford v. Knights, 427 Mass. 748, 751 (1998).  See Mass. R. Crim. P. 4 (b), 378 Mass. 849 (1979) ("An application for issuance of [criminal complaints] may be subscribed by . . . a private person").  Section 35A provides that, if a complaint is received by a "district court," which includes the Juvenile Court Department, against a person who is not under arrest, the court shall notify the person against whom the complaint was made and give the person an opportunity to be heard, and "may upon consideration of the evidence, obtained by hearing or otherwise, cause process to be issued[,] unless there is no probable cause to believe that the person who is the

object of the complaint has committed the offense charged."
When a person who is not a police officer applies for a
misdemeanor criminal or delinquency complaint, a judge or clerk-
magistrate conducts a "show cause" hearing to determine whether
probable cause exists for the commencement of criminal
proceedings.  See Matter of Powers, 465 Mass. 63, 66 (2013).
"[A] show cause hearing . . . will often be used by a clerk-
magistrate in an effort to bring about an informal settlement of
grievances, typically relating to minor matters involving 'the
frictions and altercations of daily life.'"  Commonwealth
v. Clerk-Magistrate of the W. Roxbury Div. of the Dist. Court
Dep't, 439 Mass. 352, 356 (2003), quoting Bradford, supra.

While a judge or clerk-magistrate may issue a criminal or
delinquency complaint under § 35A only where the complaint is
supported by probable cause, it is within his or her prerogative
to decline to issue a complaint, even where there is probable
cause.  Victory Distribs., Inc. v. Ayer Div. of the Dist. Court
Dep't, 435 Mass. 136, 142 (2001).  "General Laws c. 218, § 35A,
provides that the District Court, or an officer thereof, 'may
upon consideration of the evidence cause [a complaint] to be
issued' (emphasis added).  Use of the word 'may' is recognition
that circumstances will exist when, notwithstanding the
existence of probable cause, a complaint should not issue and
that, in such circumstances, a clerk-magistrate has discretion

to refuse to issue complaints."  Id.  Where a clerk-magistrate declines to issue a complaint, the civilian may seek a rehearing before a judge, see Bradford, 427 Mass. at 752, or may request that the Attorney General or a district attorney prosecute the matter.  See Victory Distribs., Inc., supra at 143.  "Should one of these authorities decide to prosecute, neither a judge of the District Court nor a clerk-magistrate may bar the prosecution, as long as the complaint is legally valid."  Id.

Where a clerk-magistrate, as here, finds probable cause and issues a delinquency complaint against a juvenile, the juvenile may not seek a second show cause hearing before a judge; "the [juvenile's] remedy is a motion to dismiss the complaint."  Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002).  "After the issuance of a complaint, a motion to dismiss will lie for a failure to present sufficient evidence to the clerk-magistrate (or judge), . . . for a violation of the integrity of the proceeding . . . , or for any other challenge to the validity of the complaint."  Id.

The scope of a Juvenile Court judge's authority to dismiss a delinquency complaint at a motion to dismiss hearing, however, depends on whether the prosecutor has affirmatively adopted the complaint as a matter that he or she wishes to prosecute by moving for an arraignment, or whether the prosecutor simply appears at the scheduled arraignment.  Where a prosecutor

exercises his or her prosecutorial discretion by moving to arraign the juvenile, the separation of powers doctrine in art. 30 of the Massachusetts Declaration of Rights bars a judge, in the absence of statutory authority, from dismissing a valid delinquency complaint -- even where the judge believes that dismissal of the complaint is in the best interests of the child and in the interests of justice.  See Newton N., 478 Mass. at    .  But where a prosecutor has not affirmatively moved for arraignment and simply appears at the scheduled arraignment, the delinquency complaint remains a complaint brought by a private party and the separation of powers doctrine does not apply. See Victory Distribs., Inc., 435 Mass. at 142 ("the right to pursue a criminal prosecution belongs not to a private party but to the Commonwealth"); Whitley v. Commonwealth, 369 Mass. 961, 962 (1975) (rights to pursue criminal prosecution "are not private but are in fact lodged in the Commonwealth as it may proceed to enforce its laws").

We recognize that prosecutors have the authority to nol pros a complaint issued under G. L. c. 218, § 35A, before arraignment.  See Carroll, petitioner, 453 Mass. 1006, 1006 (2009) (district attorney's authority to nol pros criminal complaint may be exercised before arraignment).  However, we will not construe the mere failure to nol pros a delinquency complaint prior to arraignment to signify the affirmative

adoption by a prosecutor of a private party's complaint. As to these § 35A delinquency complaints, we require the affirmative step of moving for arraignment to ensure that prosecutorial judgment has been exercised in deciding whether to proceed. By requiring prosecutors to affirmatively decide whether to move for arraignment in these cases, we give prosecutors the opportunity to decide whether a juvenile is eligible for (and appropriate for) a diversion program prior to arraignment as an alternative to prosecution. We note that the vast majority of district attorneys have established such juvenile pretrial diversion programs. See Newton N., 478 Mass. at     n.6 (describing district attorneys' efforts to provide pretrial diversion programs to juvenile defendants).

We have noted that "[t]he right of a citizen to obtain a criminal complaint is itself something of an anomaly, because in modern times[,] the formal initiation and prosecution of criminal offenses is usually the domain of public officials. Accordingly, even where the Legislature has given a private party the opportunity to seek a criminal complaint, we have uniformly held that the denial of a complaint creates no judicially cognizable wrong." Bradford, 427 Mass. at 751. See Victory Distribs., Inc., 435 Mass. at 142 ("a private party suffers no judicially cognizable wrong when its application for a criminal complaint is denied"); Taylor v. Newton Div. of the

Dist. Court Dep't, 416 Mass. 1006, 1006 (1993) ("it is settled beyond cavil that a private citizen has no judicially cognizable interest in the prosecution of another"). Because a private party has no right to the issuance of a criminal complaint where there is probable cause, and because the issuance of such a complaint is within the sound discretion of the clerk-magistrate following a show cause hearing, a judge deciding a motion to dismiss a civilian complaint issued pursuant to § 35A may consider whether the clerk-magistrate abused his or her discretion in issuing the complaint, and, in doing so, may consider whether dismissal of the complaint is in the best interests of the child and in the interests of justice. This does not extend the reach of a motion to dismiss beyond a determination of the validity of the complaint. We simply recognize that, where a complaint was initiated by a private party and has not been adopted by the prosecutor, the validity of the complaint must include a review of the clerk-magistrate's exercise of discretion.

The wise exercise of discretion is especially important in private delinquency complaints, where sound judgment must be applied in deciding whether a child's misbehavior that is legally within the ambit of the criminal law is so serious that it should be treated as a delinquency complaint in Juvenile Court, rather than as a disciplinary matter that is best

resolved within a school, family, or clinical mental health setting.  Where a prosecutor has not made an affirmative discretionary decision to bring such a complaint to arraignment, a Juvenile Court judge may review whether the clerk-magistrate appropriately exercised sound discretion, as opposed to simply having issued the complaint because it was supported by probable cause.

Conclusion.  We vacate the order of dismissal of the delinquency complaint and remand the matter to the Juvenile Court for proceedings consistent with this opinion.

So ordered.