The defendant, Michael J. White, was charged in the Boston Municipal Court with violation of a restraining order. A judge dismissed the complaint finding that it was not supported by probable cause. We affirm.
Background. On September 8, 2015, A.F. filed a complaint for protection from abuse pursuant to G. L. c. 209A. An ex parte order issued on September 9, 2015, with an expiration date of September 22, 2015. On September 11, 2015, A.F. received five telephone calls from the defendant between 7:15 P.M. and 7:24 P.M. A.F. answered the first call, as she did not recognize the incoming telephone number, and hung up when she heard the defendant's voice. Thereafter, the defendant called A.F. from a telephone number that she recognized; she did not answer the call and the defendant left a voicemail message. In the message, the defendant stated, "[W]hat is this court shit?" and "[Y]ou['re] ruining my life more than you already have." The defendant was served in hand with the order on September 12, 2015, at 9:51 P.M.
Detective Carmen Rodriguez of the Boston police department domestic violence unit filed an application for a criminal complaint alleging one count of violation of a restraining order. A hearing was held before a clerk magistrate on October 29, 2015. The magistrate found probable cause to issue the complaint and made certain notations.[2]
The defendant filed a motion to dismiss the complaint for lack of probable cause, which was allowed after a nonevidentiary hearing. In a margin endorsement, the judge found that it was more probable than not that the defendant knew of the order, but not its provisions, including that he was not to contact A.F.[3]
Discussion. We review a motion judge's determination on the issue of probable cause de novo. See Commonwealth v. Ilya I., 470 Mass. 625, 627 (2015). "[A] motion to dismiss a complaint [for lack of probable cause] 'is decided from the four corners of the complaint application, without evidentiary hearing.' " Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013), quoting from Commonwealth v. Huggins, 84 Mass. App. Ct. 107, 111 (2013). "To establish probable cause, the complaint application must set forth 'reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense.' " Humberto H., supra, quoting from Commonwealth v. Roman, 414 Mass. 642, 643 (1993). "The complaint application must include information to support probable cause as to each essential element of the offense." Humberto H., supra at 565-566. Probable cause requires "more than mere suspicion," but "considerably less than proof beyond a reasonable doubt, so evidence that is insufficient to support a guilty verdict might be more than sufficient to establish probable cause." Id. at 565 (quotation omitted). In this context, we view the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Rodriguez, 75 Mass. App. Ct. 235, 238 (2009).
The Supreme Judicial Court has made it abundantly clear that where a prosecutor exercises his prosecutorial discretion, and in the absence of statutory authority, a judge is precluded from dismissing a valid complaint. See Commonwealth v. Newton N., 478 Mass. 747, 755-756 (2018) ; Commonwealth v. Orbin O., 478 Mass. 759, 764-765 (2018). Here, the judge acted within his authority in dismissing the complaint, as probable cause on the third element[4] of the offense-the defendant's knowledge of the order-is lacking. While personal service of the order is not required, here, at best, the complaint application established that the defendant knew of the order, but not its terms. The Commonwealth's reliance on Commonwealth v. Melton, 77 Mass. App. Ct. 552 (2010), is misplaced. In Melton, the victim specifically asked the defendant why he was calling, as "there's a restraining order." Id. at 556. Here, the only inference to be drawn from the defendant's voicemail message is that he knew of the order. It does not follow from his message, in the light most favorable to the Commonwealth, that the defendant knew he was precluded from calling A.F. Contrast Commonwealth v. Olivo, 369 Mass. 62, 69-70 (1975) (Spanish speaking defendants on inquiry notice when served with notices written in English).[5]
Order dismissing complaint affirmed.

The magistrate made the following entries on the "Finding of Magistrate After Hearing Under C218/53A": "Det C. Rodriguez-BPD," "D present," "D attorney present," "victim present," "testimony," "review of R.O.," "P.C. found (D atty stips to P.C.)," "process to issue," "service checked on R.O. (served)." It does not appear that live testimony before the clerk magistrate was preserved.

"[P]robable cause exists where ... the facts and circumstances within the knowledge of the [magistrate] are enough to warrant a prudent person in believing that the individual ... has committed ... an offense .... Probable cause is a relatively low threshold, requiring only sufficiently trustworthy information to instill in a reasonable person the requisite belief of criminality." Paquette v. Commonwealth, 440 Mass. 121, 132 (2003) (citation and quotations omitted). This is the same probable cause standard that the police must apply in making an arrest, and it "is lower than that for submitting a criminal case to a jury (facts warranting a finding of guilt beyond a reasonable doubt)" at trial. Commonwealth v. Lent, 420 Mass. 764, 765 n.2 (1995). This standard is also lower than the probable cause standard that is applied by a judge in a bind-over hearing. See Myers v. Commonwealth, 363 Mass. 843, 850 (1973) ; Commonwealth v. McCarthy, 385 Mass. 160, 162 n.5 (1982) ; Paquette, supra.

To establish a violation of G. L. c. 209A, the Commonwealth must prove that (1) a valid 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order. See Commonwealth v. Silva, 431 Mass. 401, 403 (2000).

The fact that the defendant's attorney stipulated to "probable cause" at the clerk magistrate's hearing is of no moment. There are many tactical reasons why an attorney may choose this course of action at the initiation of a criminal proceeding and a different course of action thereafter.