The Commonwealth appeals from an order of the District Court allowing the defendant's motion to dismiss a criminal complaint charging him with violating G. L. c. 90, § 24(1)(a )(1), by operating a motor vehicle while under the influence of drugs, as defined in G. L. c. 94C, or the vapors of glue. Because we conclude that there was probable cause for the complaint to issue, we vacate the order dismissing the complaint.
Background. The application for the criminal complaint was submitted with a "case/incident report" from the Salem police department. The report stated that Officer Max Zirin responded to a report of a motor vehicle accident on March 19, 2016.[2] When he arrived, he saw a motor vehicle "off of the road, up on the sidewalk, and crashed into a tree." The defendant was seated in the driver's seat. Zirin asked the defendant if he was okay; the defendant responded that he was fine. Zirin asked the defendant if he knew what had happened; the defendant responded that he did not. During this initial exchange, Zirin noted that the defendant appeared "confused and disoriented." Zirin reported that the defendant's speech was "slurred," and that his eyes were "pinpointed and constricted." When Zirin asked the defendant to exit the vehicle, Zirin noticed that the defendant was slow in complying and that he needed assistance "getting onto his feet." The defendant was unsteady, lost his balance, and "almost fell over [three] times."
Zirin informed the defendant that he suspected that the defendant was impaired and that Zirin would be asking the defendant to perform field sobriety tests. The defendant appeared to nod off two times while Zirin explained the tests to him.
Zirin left the defendant with another officer while he continued his investigation by interviewing the witness who had telephoned the police about the defendant's driving. The witness stated that he had been behind the defendant's vehicle and noted that it was "all over the road" and had a flat tire. When the witness's vehicle and the defendant's vehicle stopped at an intersection, the defendant remained stopped for so long that the witness "got worried." The witness exited his car to see if the defendant was all right. The witness thought that he must have startled the defendant because, when approached, the defendant " 'gunned' [his vehicle] right off the road, onto the sidewalk, and into a tree."
When Zirin returned to the defendant, he had fallen asleep while leaning on his vehicle. Zirin then placed him in custody, and the defendant was transported to Salem Hospital. Zirin requested a drug evaluation expert to assist in the postarrest evaluation. Zirin's drug influence report indicates that he perceived the effects of the drug to be "[e]xtreme."
Discussion. The motion judge allowed the defendant's motion to dismiss the complaint with a margin endorsement indicating that he (the judge) made his decision after having reviewed the complaint and the police report. The sole issue before us is whether the judge erred in determining that there was not probable cause to support the complaint. "[P]robable cause exists where ... the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." Commonwealth v. Stewart, 469 Mass. 257, 262 (2014), quoting from Commonwealth v. Santaliz, 413 Mass. 238, 241 (1992). It is well settled that "[a] motion to dismiss for lack of probable cause 'is decided from the four corners of the complaint application, without evidentiary hearing.' " Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016), quoting from Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013). "Because it is a question of law, 'we review the motion judge's probable cause determination de novo.' " Humberto H., supra at 566, quoting from Commonwealth v. Long, 454 Mass. 542, 555 (2009). See Commonwealth v. Orbin O., 478 Mass. 759, 762 (2018). Additionally, we review what has been presented in support of the complaint in the light most favorable to the Commonwealth. See, e.g., Leonard, supra at 191.
While the Commonwealth contends that there was enough evidence presented in the police report submitted in support of the complaint to establish probable cause, the defendant argues that the motion judge was correct in dismissing the complaint because the complaint does not specify that the defendant was under the influence of a specific drug that is prohibited by G. L. c. 94C, § 1. At the probable cause stage, this level of specificity is not required. "Probable cause [to arrest] does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." Commonwealth v. Jones, 77 Mass. App. Ct. 53, 59 (2010), quoting from Commonwealth v. Gallant, 453 Mass. 535, 541 (2009). See Orbin O., supra; Commonwealth v. Bell, 83 Mass. App. Ct. 61, 63 (2013). Viewed in the light most favorable to the Commonwealth, the allegations in the police report in support of the application for the complaint were sufficient to establish probable cause that the defendant was operating a motor vehicle while under the influence of a drug. The defendant's driving was clearly impaired; his car was "all over the road," and he was driving with a flat tire. He fell asleep while Zirin instructed him about the field sobriety tests. The defendant's eyes were "pinpointed and constricted." Zirin thought the effects of the drugs were extreme. "Probable cause does not require a showing that the police resolved all their doubts. What had to be shown was more than a suspicion of criminal involvement, something definite and substantial, but not a prima facie case of the commission of a crime, let alone a case beyond a reasonable doubt." Commonwealth v. Rogers, 38 Mass. App. Ct. 395, 402 (1995) (quotation omitted). The requisite showing was made here.[3]
Order allowing motion to dismiss vacated.

It appears that the application for the complaint was also accompanied by a drug influence report (labeled as an "[a]lcohol [i]nfluence [r]eport"), although the judge made no reference to it in his margin endorsement.

At oral argument, the Commonwealth acknowledged that at trial it will need to establish that the defendant was under the influence of one of the drugs enumerated in G. L. c. 94C, § 1, to prove its case beyond a reasonable doubt. See Commonwealth v. Ferola, 72 Mass. App. Ct. 170, 174 (2008) ("Proof of violation of the statutory prohibition against operating a motor vehicle while under the influence of drugs requires ... proof that the [drug] is one defined in G. L. c. 94C, § 1").