COMMONWEALTH *vs.* VALENTIN V., a juvenile.

No. 12-P-317.

Berkshire. December 11, 2012. - January 29, 2013.

Present: KAFKER, MILKEY, & AGNES, JJ.

*Threatening. Assault and Battery. Evidence,* Threat. *Intimidation of Witness. Witness,* Intimidation. *Practice, Criminal,* Dismissal.

A Juvenile Court judge erred in dismissing a delinquency complaint charging the juvenile with threatening a crime (assault and battery), where the police report that was the basis of an application for the complaint established probable cause that the juvenile made threatening remarks to school officials with the intent that they communicate them to the intended victim. [203-205]

A Juvenile Court judge erred in dismissing a delinquency complaint charging the juvenile with witness intimidation, based on a threatening comment made to an intermediary, where the Commonwealth was not required to establish, as an element of the crime, that the intended victim received the threat, and where the police report that was the basis of an application for the complaint demonstrated probable cause that the intended victim was a potential witness in a criminal investigation and that the juvenile wilfully made his threats with the requisite intent to interfere with that investigation. [205-206]

COMPLAINTS received and sworn to in the Berkshire County Division of the Juvenile Court Department on April 19, 2011.

A motion to dismiss was heard by *Judith A. Locke,* J.

*John P. Bossé,* Assistant District Attorney, for the Commonwealth.

*Peter A. Hahn* for the juvenile.

MILKEY, J. Based on remarks he allegedly made about assaulting a fellow student at his high school, a juvenile faced delinquency complaints that charged him with threatening a crime (assault and battery), G. L. c. 275, § 2, and witness intimidation, G. L. c. 268, § 13B. Over the Commonwealth's objection, a judge of the Juvenile Court dismissed these charges

as unsupported by probable cause. The judge relied on the absence of a showing that the threatening remarks were ever heard by their intended target (to whom we shall refer by the pseudonym "Fred"). On the Commonwealth's appeal, we reverse.

*Background.* The Commonwealth filed its "Application for Criminal Complaint" based on a police report, which in turn incorporated three witness statements from school officials.[1] According to this material, on the morning of April 6, 2011, Fred walked into a classroom in which the juvenile was already present. The teacher redirected Fred elsewhere, and after he left, the juvenile "tried to leave after [Fred] stating that he was going to 'kick [Fred's] ass.' " The apparent source of the conflict between the students had to do with their both being under suspicion for stealing an "Xbox" video game system from the school two weeks earlier. The teacher intercepted the juvenile and convinced him to go speak with other school officials. At that meeting, the juvenile referred to Fred as a "snitch" and stated that "he was going to get him." After the officials informed the juvenile "that he couldn't stay in school if he was threatening another student," the juvenile "said that he wasn't going to hit [Fred] but, if the other students didn't give him 'shit' for stealing the Xbox he would hit him." At that point, the focus of the conversation turned to whether the juvenile was armed with a knife, which he denied. The exact progression of subsequent events is unclear on the record before us, but the juvenile at one point apparently attempted to flee and was apprehended by a police officer assigned to the school. On school grounds, the police discovered a knife that they believed the juvenile had discarded.[2]

*Discussion.* a. *Threatened assault and battery.* It is well

---

[1]The judge properly considered the motion to dismiss based on the application for the criminal complaint, and we do as well. *Commonwealth* v. *Bell,* *ante* 61, 62 (2013).

[2]Two delinquency complaints issued against the juvenile in addition to the two that are subject to this appeal. One charged the juvenile with carrying a dangerous weapon on school property, G. L. c. 269, § 10(*j*). The judge dismissed that complaint, and the Commonwealth has not appealed that dismissal. The remaining complaint alleged disorderly conduct, G. L. c. 272, § 53. After the juvenile pleaded delinquent to that charge, the judge continued the matter without a finding and placed the juvenile under the supervision of the Probation Department with certain conditions.

established that one can be convicted of threatening someone in violation of G. L. c. 275, § 2, without having communicated the threat directly to the intended victim. Where a defendant communicates the threat to an intermediary, the Commonwealth must prove that he intended the intermediary to communicate it to the victim. *Commonwealth* v. *Meier*, 56 Mass. App. Ct. 278, 282 (2002).[3] Under such circumstances, the crime is complete upon the communication of the threat to the intermediary. *Commonwealth* v. *Maiden*, 61 Mass. App. Ct. 433, 436 (2004). Accordingly, as the juvenile himself acknowledges, the Commonwealth need not prove that the intermediary in fact passed the threat along to the intended victim. *Ibid.* The judge therefore erred by dismissing the threat charge on this ground.[4]

The juvenile maintains that the dismissal of the threat charge should be upheld on a different ground. Specifically, he asserts that the police report fails to establish probable cause that he intended intermediaries to transmit any threat to Fred. In this vein, he portrays his statements — most of which were made in response to questioning by school officials — as venting his frustration that Fred was falsely accusing him of stealing the Xbox, not as actively seeking to communicate a threat to Fred.

At the probable cause stage, "[a]ll that is required is 'reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the defendant had committed . . . an offense.' " *Commonwealth* v. *Bell, ante* 61, 63 (2013), quoting from *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450 (1984). The quantum of proof required "is considerably less exacting than the requirement that a judge must apply at trial." *Commonwealth* v. *Bell, supra*, citing *Commonwealth* v. *Gallant*, 453 Mass. 535, 541 n.6 (2009). With the proper standard in mind, we conclude that the police report establishes probable cause that the juvenile made threatening remarks to school officials with the intent that they communicate them to Fred. The

---

[3]The requisite intent can be inferred where the circumstances indicate that the third party "would likely communicate [the threatening statement] to the ultimate target." *Commonwealth* v. *James*, 73 Mass. App. Ct. 383, 386 (2008), citing *Commonwealth* v. *Simmons*, 69 Mass. App. Ct. 348, 351 (2007).

[4]The Commonwealth has not argued that it can be inferred that the school officials alerted Fred to the threat, and for purposes of our review, we assume that they did not.

juvenile's argument that his alleged remarks should be viewed in a different light is one appropriately directed to the fact finder at trial, rather than a proper basis for a pretrial motion to dismiss. In addition, we note that the police report indicates that the juvenile volunteered that he was going to "kick [Fred's] ass" while the juvenile was still in the classroom. Given that the teacher heard the remark, it reasonably can be inferred that other students likely did as well.[5] This itself establishes probable cause that the juvenile made his remark with the intent that others pass it along to Fred. Although the juvenile characterizes the "kick his ass" statement as an "idle" remark not made "to anyone in particular," resolving such factual nuances is not appropriate at the probable cause stage.[6]

b. *Witness intimidation.* Similarly, it has been established that a defendant can be convicted of witness intimidation based on a threatening comment made to an intermediary if he intended the intermediary to pass along the threat to the intended target. See *Commonwealth* v. *Perez*, 460 Mass. 683, 703 (2011). Nevertheless, the juvenile argues that to make out a witness intimidation charge in this context, the Commonwealth must prove that the intended victim actually received the threat. In other words, the juvenile argues that we should not extend the holding of *Commonwealth* v. *Maiden, supra,* to witness intimidation charges that are based on threats. We disagree. Under the express terms of G. L. c. 268, § 13B, as amended through St. 2010, c. 256, § 120, one can be convicted of witness intimidation if he "directly or indirectly, willfully . . . threatens . . . physical injury . . . to . . . a witness or potential witness at any stage of a . . . criminal proceeding of any type . . . with the intent to impede, obstruct, delay, . . . or otherwise interfere thereby . . . with a . . . criminal proceeding of any type." Nothing in this language suggests that the Commonwealth must prove, as an element of the crime, that a threat communicated to an inter-

---

[5]We disagree with the juvenile's argument that the fact that the class in question was for special needs students rendered it unreasonable to infer that other students were present.

[6]Compare *Commonwealth* v. *Troy T.*, 54 Mass. App. Ct. 520, 528 (2002) (concluding, on fully developed trial record, that there was insufficient evidence that juvenile intended third parties to hear his remarks and then communicate them to victim).

mediary was received by the intended victim. As the statute expressly recognizes, a defendant may act "directly or indirectly," and the focus here as well is on the defendant's actions and intentions, not the victim's reaction. Cf. *Commonwealth* v. *Rivera*, 76 Mass. App. Ct. 530, 535 (2010). Thus, the witness intimidation statute parallels the threat statute. See *Commonwealth* v. *Maiden*, 61 Mass. App. Ct at 436. Indeed, by employing the term "threatens" (simply a different tense of the term "threatened" used by the threat statute), the witness intimidation statute evinces an intent to adopt the same meaning. See *Commonwealth* v. *Wynton W.*, 459 Mass. 745, 747 (2011), quoting from *Insurance Rating Bd.* v. *Commissioner of Ins.*, 356 Mass. 184, 188-189 (1969) ("Where the Legislature uses the same words in several sections which concern the same subject matter, the words 'must be presumed to have been used with the same meaning in each section' ").

Of course, in order to make out a charge of witness intimidation, the Commonwealth must prove additional elements beyond those necessary to establish a threatened assault and battery. See *Commonwealth* v. *Hamilton*, 459 Mass. 422, 434-435 (2011). As relevant here, the Commonwealth must prove that Fred was a potential witness in a criminal investigation and that the juvenile wilfully made his threats with the requisite intent to interfere with that investigation. The juvenile argues that no probable cause was demonstrated as to those elements. We disagree. The alleged threats were communicated in specific reference to the claim that Fred was a "snitch" regarding the recent theft of the Xbox. Although the status of any criminal investigation regarding that theft is not specifically established by the police report, for purposes of considering the juvenile's motion to dismiss, there was a sufficient showing that such an investigation had begun and that the juvenile made his remarks with the intent to interfere with it.[7]

That portion of the order dismissing the delinquency complaints charging the juvenile with threatening to commit a

---

[7]An inference that a criminal investigation had already commenced is especially reasonable given that an on-site police officer was assigned to the school.

crime and intimidation of a witness is reversed. The order on the motion to dismiss is otherwise affirmed.

*So ordered.*