Following a jury trial in the Superior Court, the defendant was convicted on two indictments charging intimidating a witness, in violation of G. L. c. 268, § 13B.[2] The convictions were based on evidence that the defendant posted threatening messages to his ex-wife and daughter on "Facebook" at a time when they were potential witnesses in a pending sexual assault investigation.[3] On appeal, the defendant claims that (1) the judge abused her discretion in allowing the Facebook post in evidence because it was not properly authenticated, and (2) the evidence was not sufficient to prove that he intended that his threat be communicated to the victims. We affirm.
Background. We summarize the facts the jury could have found, viewing the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The victims were the defendant's ex-wife, whom we shall call Jane, and the defendant's daughter with Jane, whom we shall call Mary. In February, 2014, the defendant was the subject of an ongoing investigation into allegations by Mary, who was then six years old, that she and the defendant had touched each other's genitals during an overnight visit at the defendant's residence.
On February 22, Lisa Desrochers and Livio Gravini[4] saw on Desrochers's Facebook "news feed" a post by the defendant which included Mary's defaced image. The photograph was pinned to a wall by a knife. Large x's had been scratched across Mary's face, both eyes had been cut out, and a red circle had been drawn around her face, accompanied by a label reading "100 p[oin]ts!" The phrase "useless little bitch" framed her face. A "profile picture" of the defendant appeared in the feed, and the following caption accompanied Mary's defaced photograph:
"HEY BITCH EX-WIFE, IF YOUR [sic ] SEEING OUR DAUGHTER'S TARGET ... YOU BETTER WATCH YOUR BACK, YOU MADE HER LIE ABOUT ME TO THE POLICE AND SHIT AND U KNOW IT ... I'M COMING FOR YOU!!!! YOU BETTER WATCH YOUR BACK ... CUZ MY WRATH IS ABOUT TO BE RELEASED ON YOU, YOUR FAMILY AND THAT FAG BOYFRIEND OF YOURS WHO TOUCHED MY DAUGHTER!"
Disturbed by the image, Desrochers contacted the Chicopee police department and shared the post with Detective Frank McQuaid by "friending" him on Facebook. McQuaid observed the post on Desrochers's page. He also visited the defendant's Facebook page and observed the post and the defendant's profile picture.
Discussion. 1. Authentication.[5] The defendant claims that the trial judge abused her discretion when she admitted the Facebook post in evidence because it was not properly authenticated. "Authentication of a document is a condition precedent to its admissibility." Commonwealth v. Foster F., 86 Mass. App. Ct. 734, 737 (2014). "Evidence may be authenticated by direct or circumstantial evidence," which must be " 'sufficient to support a finding that the matter in question is what its proponent claims.' Mass. G. Evid. § 901 (c) (2011)." Commonwealth v. Purdy, 459 Mass. 442, 447-448 (2011). "[B]efore admitting an electronic communication [such as a Facebook post] in evidence, a judge must determine whether sufficient evidence exists 'for a reasonable jury to find by a preponderance of the evidence that the defendant authored' the communication." Commonwealth v. Oppenheim, 86 Mass. App. Ct. 359, 366 (2014), quoting Commonwealth v. Purdy, supra.
Here, there was ample evidence from which the jury could infer that the defendant authored the Facebook post. Gravini testified that the defendant, whom he had met, used Facebook to communicate with him regarding upcoming performances. The defendant often attended those performances. See Commonwealth v. Foster F., supra. Gravini and Desrochers recognized the defendant's profile picture connected to the post, and knew the defendant to be associated with the Facebook account bearing his name and image. See Commonwealth v. Gilman, 89 Mass. App. Ct. 752, 759 (2016). Gravini, Desrochers, and McQuaid all identified the post as the one they had seen on February 22, 2014, on a Facebook page bearing the defendant's name and image, see Commonwealth v. Nardi, 452 Mass. 379, 396-397 (2008). Finally, "[t]he content of the [post] reinforced [its] link to the defendant." Commonwealth v. Alden, 93 Mass App. Ct. 438, 441 (2018). The girl in the defaced photograph was Mary and the threatening caption was addressed to Jane. The message specifically referenced Mary and the ongoing sexual abuse investigation. Simply put, these confirming circumstances sufficiently connected the defendant to the post, ibr.US_Case_Law.Schema.Case_Body:v1">id., and we discern no error or abuse of discretion in its admission.[6]
2. Sufficiency. Next, the defendant claims that the evidence was insufficient to establish that he intended for his threatening post to be communicated to the victims. To establish a violation of G. L. c. 268, § 13B, "the Commonwealth was required to prove that the defendant wilfully engaged in intimidating conduct, that is, acts or words that would instill fear in a reasonable person, and did so with the intent to impede or influence a potential witness's testimony" against the defendant. Commonwealth v. Rivera, 76 Mass. App. Ct. 530, 535 (2010). The defendant does not dispute the threatening nature of the Facebook post or the victims' status as potential witnesses against him. The defendant argues that evidence of his intent was insufficient because the posts were "private posts, never meant to be shared with anybody." We are not persuaded.
A conviction under G. L. c. 268, § 13B, does not require that a threat actually be communicated to its target. See Commonwealth v. Valentin V., 83 Mass. App. Ct. 202, 205-206 (2013). Instead, the focus "is on the defendant's actions and intentions." Id. at 206. We have held, see id., that the witness intimidation statute parallels the threat statute, G. L. c. 275, § 2, under which the Commonwealth must prove only "that the defendant intended to communicate the threat to the third party who acts as intermediary." Commonwealth v. Troy T., 54 Mass. App. Ct. 520, 526 (2002). Thus, as with threats, the crime of witness intimidation is complete "upon the communication of the threat to the intermediary." Commonwealth v. Valentin V., supra at 204.
Here, the jury apparently found by a preponderance of the evidence that the defendant authored the Facebook post, and there is no claim that the post itself was unintentional. The evidence further established that (1) Jane used Facebook, (2) the post addressed Jane in the first person, (3) the post contained an explicit threat to Mary, and (4) the threat was published on the defendant's Facebook page. Considering these facts in the light most favorable to the Commonwealth, Commonwealth v. Latimore, supra, the jury could conclude beyond a reasonable doubt that the defendant intended for his threat to be conveyed to Jane and Mary.[7] The post was visible not just to Gravini and Desrochers, but to all of the defendant's Facebook friends and all of their Facebook friends. Gravini and Desroches together had 5,600 Facebook friends. A rational juror could conclude that by posting Mary's defaced photograph and a threat to Jane that "I'm coming for you!!!! You better watch your back," and sharing it with an unidentified and unlimited audience, the defendant intended for the post to reach Jane and Mary and influence their behavior. See Commonwealth v. Meier, 56 Mass. App. Ct. 278, 282 (2002) (act of uttering a threat to a third party who would likely communicate it to the victim constitutes evidence of an intent to communicate the threat to the intended victim). Finally, where the investigation into Mary's allegations was ongoing and the threatening post related to those allegations, the jury could infer that the defendant "should reasonably have expected that it would be communicated to" the victims by the police conducting the investigation. Commonwealth v. Maiden, 61 Mass. App. Ct. 433, 434 (2004).
Judgments affirmed.

The defendant was acquitted on an indictment charging aggravated rape of a child, G. L. c. 265, § 23A, and two indictments charging indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.

" 'Facebook' is a social networking Web site that allows the electronic exchange of both written messages and images." Commonwealth v. Foster F., 86 Mass. App. Ct. 734, 735 n.2 (2014).

Gravini is a performer, singer, and songwriter, with nearly 5,000 Facebook "friends." Desrochers managed Gravini's Facebook page and has approximately 600 Facebook "friends." Both Gravini and Desrochers were Facebook friends with the defendant, and the defendant used Facebook to communicate with Gravini regarding his performances.

Before trial, the defendant filed a motion in limine to preclude evidence of the Facebook post on the ground that it was not properly authenticated. The judge held an evidentiary hearing at which McQuaid, Gravini, and Desrochers testified, and concluded that the Commonwealth had established by a preponderance of the evidence that the defendant authored the Facebook post. The defendant does not challenge this ruling by the judge, but argues that the Commonwealth failed at trial to lay an adequate foundation from which the jury could infer that the defendant authored the post. We therefore confine our discussion to the evidence at trial.

We note that the judge properly instructed the jury after the evidence was admitted that, ultimately, the decision on authentication was theirs to make. Specifically, she instructed the jury that they "may not consider the Facebook material unless [they] determine[d] it was more likely than not ... authored by the defendant."

We are not persuaded by the defendant's argument that his Facebook page was private. First, there was no evidence regarding the privacy settings on the defendant's Facebook account. Second, the posting was visible to mere acquaintances, such as Desrochers and Gravini, and to "friends of friends," including McQuaid.