NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

22-P-443                                          Appeals Court

COMMONWEALTH  vs.  JEFFREY S. WHEELER.

No. 22-P-443.

Essex.     January 11, 2023. – March 16, 2023.

Present:  Wolohojian, Englander, & D'Angelo, JJ.


Intimidation of Judge.  Intimidation of Witness.  Witness, Intimidation.  Harassment Prevention.  Practice, Criminal, Motion for a required finding.


Complaint received and sworn to in the Lawrence Division of the District Court Department on July 27, 2018.

The case was tried before Debra DelVecchio, J.


Penelope A. Kathiwala for the defendant.
Marina Moriarty, Assistant District Attorney, for the Commonwealth.


D'ANGELO, J.  A District Court jury convicted the defendant of two counts of intimidation in violation of G. L. c. 268, § 13B (intimidation statute),[1] based on evidence that the

_____

[1] The crime is often referred to as "intimidation of a witness" or "witness intimidation."  See Schajnovitz v. Commonwealth, 491 Mass. 1001, 1001 (2022); Commonwealth v.

defendant placed a telephone call to a case specialist in the Newburyport Division of the District Court Department clerk's office and stated that he was going to go "rogue" on a judge, that the judge was not "going to be a judge anymore," and that "it was going to appear on the TV." On appeal, the defendant argues that his motions for required findings of not guilty should have been allowed as to both counts. We reverse the judgment on the count charging intimidation of the case specialist and affirm the judgment on the count charging intimidation of the judge.

Background. We recite the facts in the "light most favorable to the Commonwealth," Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), reserving certain details for later discussion.

On July 26, 2018, a case specialist was working in the clerk's office in the Newburyport District Court. That morning, she answered a telephone call from the defendant, who identified himself as Jeffrey Wheeler. The defendant was speaking very quickly, repetitively, and aggressively about a particular judge then sitting in that court. He referred to the judge by name

---

Shiner, 101 Mass. App. Ct. 206, 207 (2022). The statute was rewritten and reorganized in 2018 and includes numerous additional persons to be protected beyond witnesses. See G. L. c. 268, § 13B, as appearing in St. 2018, c. 69, § 155. For purposes of clarity, we will refer to it as the intimidation statute.

and stated he was going to "serve [the judge] in-hand," and "[y]ou'll see," she would not "be a judge anymore," and that "it [would] appear on the TV." The defendant mentioned the name of someone he said was involved in a court case and said that he was going to serve the judge with paperwork, but the case specialist believed it sounded like he was going to "take things into his own hands and do it himself." The case specialist wrote down the defendant's statements, including that he was "going to go rogue." The defendant stated that he wanted the judge to know everything that he had said.

The case specialist informed one of her coworkers of the telephone call, and the coworker then notified a manager and supervisor. State police arrived at the clerk's office before the end of the telephone call. The case specialist was disturbed and frightened by the telephone call from the defendant.

The judge was made aware of the defendant's telephone call to the clerk's office and was immediately escorted to her office under the protection of a State trooper. The judge was escorted home by State police at the end of the day. The judge was "shocked" by the threat because the defendant's name "did not resonate" with her. The judge's only known interaction with the defendant was at a court hearing that took place on August 8, 2017, when the judge extended two harassment prevention orders

against the defendant.  She was particularly alarmed in the days that followed the telephone call because she did not know what the defendant looked like and therefore did not know who might pose a danger to her.

The defendant was subsequently arrested and charged with two counts of intimidation, G. L. c. 268, § 13B, and one count of threatening to commit a crime, G. L. c. 275, § 2.  At trial, the defendant moved for a required finding of not guilty on all counts at the close of the Commonwealth's evidence and again at the conclusion of the case.  The motions were denied.  The jury found the defendant guilty on both counts of intimidation and not guilty on the count of threatening to commit a crime.

Discussion.  1.  The intimidation statute.  In the context of this case where prior harassment prevention orders were issued, the required elements of the intimidation statute are that the defendant must (1) willfully, (2) threaten, intimidate, or harass, (3) a judge or clerk who participated in a civil proceeding, (4) with the intent or with reckless disregard for the fact that it may punish, harm, or otherwise retaliate against the judge or clerk who participated in that civil proceeding.  See G. L. c. 268, § 13B (b).[2]

---

[2] Section 13B (b) provides in pertinent part:

"Whoever willfully, either directly or indirectly:

    2.  Sufficiency of the evidence as it related to the judge.

In reviewing the sufficiency of the evidence, we ask "whether,

after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."

Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443

U.S. 307, 318-319 (1979).  "A conviction may be based on

circumstantial evidence and the permissible inferences drawn

therefrom."  Commonwealth v. Roy, 464 Mass. 818, 824 (2013).

"The inferences that support a conviction 'need only be

reasonable and possible; [they] need not be necessary or

inescapable.'"  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378

(2017), quoting Commonwealth v. Waller, 90 Mass. App. Ct. 295,

303 (2016).  "Because the defendant moved for required findings

at the close of the Commonwealth's case and again at the close

of all the evidence, '[w]e consider the state of the evidence at

the close of the Commonwealth's case to determine whether the

defendant's motion should have been granted at that time.'"

---

        . . . threatens, attempts or causes physical, emotional or
        economic injury . . . or . . . intimidates or harasses
        another person who is a . . . judge . . . [or] clerk . . .
        with the intent to or with reckless disregard for the fact
        that it may . . . punish, harm or otherwise retaliate
        against any such person described in this section for such
        person or person's family member's participation in any of
        the proceedings described in this section, shall be
        punished . . . ."

Commonwealth v. O'Laughlin, 446 Mass. 188, 198 (2006), quoting Commonwealth v. Sheline, 391 Mass. 279, 283 (1984).

In determining whether a defendant has committed intimidation, "the jury may consider the context in which the allegedly threatening statement was made and all of the surrounding circumstances." Commonwealth v. Sholley, 432 Mass. 721, 725 (2000), cert. denied, 532 U.S. 980 (2001). Because the focus "is on the defendant's actions and intentions" (emphasis added), Commonwealth v. Valentin V., 83 Mass. App. Ct. 202, 206 (2013), "[t]he Commonwealth does not need to prove that the victim of witness intimidation was actually intimidated or frightened," Commonwealth v. Nordstrom, 100 Mass. App. Ct. 493, 501 (2021), or that the threat was actually communicated to its target.[3] See Valentin V., supra at 205-206. Thus, as with threats, the crime of intimidation is complete "upon the communication of the threat to the intermediary." Id. at 204.

The defendant's statements that he was going to "go rogue" and "it was going to appear on the TV" could reasonably be construed as threats to harm the judge physically in retaliation for her involvement in the harassment prevention orders in which

---

[3] We have held, see Valentin V., 83 Mass. App. Ct. at 206, that the "intimidation statute parallels the threat statute," see G. L. c. 275, § 2, under which the Commonwealth must prove "that the defendant intended to communicate the threat to the third party who acts as intermediary." Commonwealth v. Troy T., 54 Mass. App. Ct. 520, 526 (2002).

the defendant was involved, and that serving her the papers "in-hand" underscored the defendant's intention to carry out his threats against the judge in person.[4]

3. <u>Sufficiency of the evidence as it related to the case specialist</u>.  Next, the defendant argues that his motion for a required finding of not guilty on the intimidation charge as to the case specialist should have been allowed.  We agree.

The fourth element of the intimidation statute is that the defendant's statement was made with the intent to "punish, harm or otherwise retaliate against" a "clerk" who participated in the civil proceeding.  Even assuming, without deciding, that the case specialist was a "clerk" for the purposes of this appeal, the Commonwealth failed to introduce any evidence that the defendant's statements to the case specialist were made with the intent to retaliate against her for her "participation in" any proceeding involving the defendant.[5]  Additionally, the

---

[4] Because it was not raised either in the trial court or before us on appeal, we do not address, let alone decide, what bearing the First Amendment to the United States Constitution or art. 16 of the Massachusetts Declaration of Rights may have on an intimidation charge based entirely on speech. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[5] Since we determine that the required finding of not guilty should have been allowed on this basis, we need not, and do not, reach the issue of whether a case specialist who works in the clerk's office is included in the class of persons protected by the statute.  The defendant argues that only the clerk of the court is protected by the intimidation statute.  The Commonwealth argues that it defies logic to conclude that the

Commonwealth presented no evidence that the case specialist was a "witness or potential witness," a "person who is or was aware of information, records, documents or objects that relate to a violation of a criminal law," or a "person who is or was attending or a person who had made known an intention to attend a proceeding." See G. L. c. 268, § 13B (b). In fact, there was no evidence that the case specialist knew any information about the harassment prevention orders at all. Therefore, the motion for a required finding of not guilty on the count charging intimidation of the case specialist should have been allowed.

Conclusion. On the count of the complaint charging intimidation of the case specialist, the judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant. The judgment on the count of the complaint charging intimidation of the judge is affirmed.

So ordered.

---

Legislature meant to protect only the clerk of the court as opposed to other employees of the clerk's office. We note that the purpose of the statute is to protect a broad class of persons involved in law enforcement and the judicial process, and that employees within the clerk's office would logically be anticipated to be within that scope. But the statute does not explicitly so state, instead referring only to a "clerk." We urge the Legislature to consider whether the language should be amended to reflect the intended scope of the statute.