NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-944                                            Appeals Court

COMMONWEALTH  vs.  ERIC MOORE.

No. 15-P-944.

Suffolk.     December 5, 2017. - March 22, 2018.

Present:  Trainor, Meade, & Wolohojian, JJ.


Motor Vehicle, Unauthorized use.  Rules of Criminal Procedure.
    Probable Cause.  Practice, Criminal, Complaint, Dismissal,
    Arraignment.  Constitutional Law, Separation of powers.


    Complaint received and sworn to in the Roxbury Division of
the Boston Municipal Court Department on March 23, 2015.

    A motion to dismiss was heard by Myong Joun, J.


    Helle Sachse, Assistant District Attorney, for the
Commonwealth.
    Bruce W. Carroll for the defendant.


    TRAINOR, J.  The defendant, Eric Moore, was charged with,

among other things, using a motor vehicle without authority (use

without authority), in violation of G. L. c. 90, § 24(2)(a).  At

the arraignment hearing, the defendant orally moved to dismiss

the charge of use without authority; the judge allowed the

defendant's motion prior to arraignment and proceeded to arraign

the defendant on the remaining charges.  The Commonwealth filed this timely appeal, arguing that the judge erred in dismissing the use without authority charge for two reasons:  first, a complaint against an adult defendant, unlike one against a juvenile, cannot be dismissed prior to arraignment; and second, the complaint was supported by probable cause that the defendant used the motor vehicle without authority.  For the reasons set forth infra, we reverse the dismissal of the charge of use without authority.

Background.  On March 23, 2015, the defendant was driving a rental car and was pulled over for failing to come to a complete stop at a stop sign.  When the police officers asked the defendant for his license and registration, the defendant responded that he did not have a license in his possession. Upon a criminal justice information system query, the officers learned that the defendant's out-of-State license was suspended. The officers then contacted the rental company and obtained a copy of the rental agreement for the vehicle, which provided that Nicole Hosier of Pittsfield was the only individual authorized to operate the rental car.  The officers subsequently arrested the defendant for, among other things, use without authority, and towed the rental car.

At the defendant's arraignment hearing, defense counsel requested to be heard prior to the arraignment.  Defense counsel

asked the judge to dismiss the use without authority charge because the facts do "not constitute . . . use without authority."  The judge agreed, stating:

> "[W]here there's a rental company, there's a lessee for that car.  If somebody else is driving, I understand the civil issue between the rental company and whoever was driving, and maybe there's a civil issue with the person who actually rented the car, but under the criminal statute, where you're charging the person with use without authority simply based on the fact that the person who's driving, his name is not on the lease agreement, I don't believe that that's what the statute was intended for."

The judge dismissed the use without authority charge prior to arraigning the defendant on that charge.  The Commonwealth filed the instant appeal.  However, due to the pending release of the Supreme Judicial Court decision in Commonwealth v. Campbell, 475 Mass. 611 (2016), the appellate proceedings for this case were stayed.  We now address the Commonwealth's appeal.

Discussion.  This case requires us to decide whether a judge can allow an adult defendant's motion to dismiss a criminal charge prior to arraignment on that charge, after a clerk-magistrate's finding of probable cause.  Initially, this question involves an analysis and an application of the Massachusetts Rules of Criminal Procedure and the relevant case law, but ultimately it also requires an analysis of a judge's authority pursuant to art. 30 of the Massachusetts Declaration

of Rights.[1]  These analyses are separate but related, and a judge's authority in this area is ultimately determined by the requirements of art. 30.

1.  Massachusetts Rules of Criminal Procedure.  "In interpreting a rule of criminal procedure, we turn first to the rule's plain language."  Commonwealth v. Denehy, 466 Mass. 723, 733 (2014).  The Supreme Judicial Court, in this instance, has provided us with a detailed blueprint of a party's motion practice and the procedural stages in which such practice is to take place.  Rule 11(a), as appearing in 442 Mass. 1509 (2004), states that "[a]t arraignment . . . the court shall order the prosecuting attorney and defense counsel to attend a pretrial conference on a date certain to consider such matters as will promote a fair and expeditious disposition of the case" (emphases supplied).  Rule 11(b)(2)(ii), as appearing in 442 Mass. 1509 (2004), states that such matters shall include "all discovery motions pending at the time of the pretrial hearing," and that all "[o]ther pending pretrial motions," namely nondiscovery motions, such as a motion to dismiss, "may be heard

_____

[1] Article 30 states:

"In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them:  the executive shall never exercise the legislative and judicial powers, or either of them:  the judicial shall never exercise the legislative and executive powers, or either of them:  to the end it may be a government of laws and not of men."

at the pretrial hearing, continued to a specific date for a hearing, or transmitted for hearing by the trial session" (emphases supplied).  Similarly, rule 13, as appearing in 442 Mass. 1516 (2004), provides that "[a] non-discovery motion filed prior to the pretrial hearing may be heard at the pretrial hearing, at a hearing scheduled to address the motion, or at the trial session" (emphases supplied).  While neither rule 11 nor rule 13 affirmatively "prohibits a motion to dismiss from being filed or ruled upon before arraignment," Commonwealth v. Humberto H., 466 Mass. 562, 574 (2013), neither rule affirmatively provides a judge with the authority to rule on such motions brought by an adult defendant before arraignment.  Rather, the rules of criminal procedure provide a motion practice that is implemented after arraignment and specifically provide that a judge may rule on such motions either at the pretrial hearing, at a hearing scheduled to address the motion, or at the trial session, all of which naturally occur after the defendant has been arraigned on the charge(s).  Cf. Commonwealth v. Newton N., 478 Mass. 747, 752-753 (2018); Commonwealth v. Orbin O., 478 Mass. 759, 762-763 (2018).

Dismissing an adult defendant's charge prior to arraignment not only would exceed the judge's authority provided by the rules, but also would run contrary to our case law.  In

<u>Commonwealth</u> v. <u>DiBennadetto</u>, 436 Mass. 310, 313 (2002), the

Supreme Judicial Court held:

> "[T]he issuance of a complaint by a clerk-magistrate is not
> to be revisited by a further show cause hearing; the
> defendant's remedy is a motion to dismiss the
> complaint. . . . [A] motion to dismiss . . . is the
> appropriate and only way to challenge a finding of probable
> cause. After the issuance of a complaint, a motion to
> dismiss will lie for a failure to present sufficient
> evidence to the clerk-magistrate (or judge) . . . for a
> violation of the integrity of the proceeding . . . or for
> any other challenge to the validity of the complaint."[2,3]

As previously stated, such nondiscovery motion practice occurs

<u>after</u> arraignment.

Moreover, the Supreme Judicial Court holding in <u>Humberto</u>

<u>H.</u>, which provides Juvenile Court judges with the broad

discretion to dismiss a complaint against a juvenile defendant

prior to arraignment, does not apply to adult offenders. The

court in <u>Humberto H</u>. held that a judge does not abuse his or her

discretion in deciding to hear and to rule on a juvenile's

motion to dismiss before arraignment where the judge reviews the

complaint application and "concludes that there is a substantial

likelihood that the motion is meritorious." 466 Mass. at 575.

---

[2] In all situations covered by the section's procedure,
process cannot issue unless there is probable cause to believe
that the person who is the object of the complaint has committed
the offense charged. See G. L. c. 218, § 35A.

[3] Judges of the Boston Municipal Court Department and the
District Court Department have the inherent authority, however,
to rehear <u>denials</u> of applications for criminal complaints by
clerk-magistrates. See <u>Bradford</u> v. <u>Knights</u>, 427 Mass. 748, 752-
753 (1998).

See Commonwealth v. Newton N., supra; Commonwealth v. Orbin O., supra. In reaching this conclusion, the court reasoned that because the "juvenile justice system 'is primarily rehabilitative, cognizant of the inherent differences between juvenile and adult offenders, and geared toward "the correction and redemption to society of delinquent children,"'" Juvenile Court judges must have the "broad discretion to protect the best interests of children consistent with the interests of justice," which includes the discretion to dismiss charges before arraignment, if no probable cause exists, to prevent the creation of a juvenile's court activity record information (CARI) (emphasis supplied). Commonwealth v. Humberto H., supra at 576 (citation omitted). This analysis does not likewise extend to adult offenders.

Here, unlike in Humberto H., the defendant has failed to provide us with any policy reason or statutory authority that would cause us to apply the rules of criminal procedure in a way that would allow a judge to dismiss a criminal charge against an adult offender prior to arraignment. See id. at 575-576 (applying [1] goal of preventing creation of juvenile's CARI, [2] primary goal of juvenile justice system, which is to rehabilitate juveniles, and [3] G. L. c. 119, § 53, which mandates that juveniles "as far as practicable . . . shall be treated, not as criminals, but as children in need of aid,

encouragement and guidance," to application of rules of criminal procedure, specifically dismissal of criminal charge prior to arraignment for lack of probable cause).

A judge, therefore, cannot dismiss an adult criminal complaint prior to arraignment, after a clerk-magistrate has determined that sufficient probable cause (legal basis) existed to issue the complaint.  This limitation is based in our case law and our rules of criminal procedure and is focused exclusively on a judge's authority prior to the arraignment stage, subsequent to the issuance of a criminal complaint.  See Bradford v. Knights, 427 Mass. 748, 752-753 (1998); Commonwealth v. DiBennadetto, 436 Mass. at 312-313.  We must consider, finally, whether a judge has the authority, in consideration of the constitutional separation of powers doctrine as contained in art. 30, to dismiss a criminal complaint after it has issued and after the defendant has been arraigned on the charge.

2.  Article 30.  "In the context of criminal prosecutions, the executive power affords prosecutors wide discretion in deciding whether to prosecute a particular defendant, and that discretion is exclusive to them. . . .  'Judicial review of decisions which are within the executive discretion of the [prosecutor] "would constitute an intolerable interference by the judiciary in the executive department of the government and would be in violation of art. 30 of the Declaration of

Rights."'" <u>Commonwealth</u> v. <u>Cheney</u>, 440 Mass. 568, 574 (2003) (citation omitted).

A judge may determine, under our separation of powers, only whether a sufficient legal basis exists for issuance of a criminal complaint. "[W]hen a judge, '[w]ithout any legal basis . . . preempt[s] the Commonwealth's presentation of its case [t]hat action effectively usurp[s] the decision-making authority constitutionally allocated to the executive branch.'"[4] <u>Ibid</u>. (citation omitted). See <u>Commonwealth</u> v. <u>Hart</u>, 149 Mass. 7, 8 (1889) ("Only an attorney authorized by the Commonwealth to represent it has authority to declare that he will not further prosecute a case in behalf of the Commonwealth. A court is not a prosecuting officer, and does not act as the attorney for the Commonwealth. Its office is judicial, -- to hear and determine between the Commonwealth and the defendant").[5]

---

[4] The right to pursue a criminal prosecution is vested in the Commonwealth and not in a private party. While a private party has the right to request the issuance of a criminal complaint, if a judge or clerk-magistrate declines to issue a complaint the private party may request a rehearing but ultimately has no right of appeal and can only request "the Attorney General or a district attorney to pursue the matter. . . . Should one of these authorities decide to prosecute, neither a judge of the District Court" (or of the Boston Municipal Court) nor "a clerk-magistrate may bar the prosecution, as long as the complaint is legally valid." <u>Victory Distribs</u>. v. <u>Ayer Div. of the Dist. Ct. Dept</u>., 435 Mass. 136, 143 (2001). See <u>Bradford</u> v. <u>Knights</u>, 427 Mass. at 752-753; <u>Commonwealth</u> v. <u>Quispe</u>, 433 Mass. 508, 511-512 & n.5 (2001).

The Federal courts have determined that the existence of probable cause is necessary for a criminal charge to be legally adequate.[6]  The existence of probable cause is also necessary for a criminal charge to be legally adequate within this Commonwealth.  See generally Commonwealth v. DiBennadetto, 436 Mass. at 312; Commonwealth v. Clerk-Magistrate of the W. Roxbury Div. of the Dist. Ct. Dept., 439 Mass. 352, 354-356 (2003); Commonwealth v. Humberto H., 466 Mass. at 564-566.  The rules of criminal procedure and our case law have defined the procedural requirements of a judicial determination of the legal adequacy of a criminal complaint.  This judicial determination is the appropriate and necessary exercise of the judicial function contained in art. 30.

Thus, procedurally, once the complaint has been issued by the clerk-magistrate, the question of its legal adequacy cannot be reconsidered until after arraignment of the defendant on the

_____

[5] For examples of legal justification for dismissing a case, in addition to a lack of probable cause, when the complaint or the indictment is legally invalid, see Commonwealth v. Gordon, 410 Mass. 498, 502-503 (1991).

[6] "In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute. . . .  '[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" United States v. Zabawa, 39 F.3d 279, 284 (10th Cir. 1994), quoting from Wayte v. United States, 470 U.S. 598, 607 (1985). See United States v. Sanchez, 908 F.2d 1443, 1445 (9th Cir. 1990).

criminal charge. Reconsideration of the legal adequacy of the issued complaint may be conducted pursuant to a motion to dismiss after arraignment. The Commonwealth's prosecutorial rights protected by art. 30 are implicated on the determination of legal adequacy whether initially by the clerk-magistrate or subsequently by a judge pursuant to consideration of a motion to dismiss.

Conclusion. We conclude that a judge does not have the authority to dismiss a criminal charge against an adult offender prior to arraignment after the complaint has issued on that charge, but does have authority to consider the legal adequacy of the criminal charge subsequently, pursuant to a motion to dismiss the complaint.[7] Thus, here, the order dismissing the charge of use without authority is reversed. The Commonwealth may move for arraignment of the defendant on this charge if it so chooses.

So ordered.

---

[7] We note that while a judge may revisit the question of probable cause at a later, postarraignment, stage of the proceedings, the question whether the defendant, in this case, was authorized by Hosier to operate the vehicle does not appear on the record currently before us. See Commonwealth v. Campbell, 475 Mass. at 621-622 ("[a]n individual does not violate G. L. c. 90, § 24[2][a], by using a rental vehicle with the renter's permission when the rental company also has not authorized that use").