NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12575

COMMONWEALTH  vs.  DENEISHA D. NEWBERRY.


Suffolk.    February 5, 2019. - September 18, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.


District Court, Pretrial diversion, Arraignment.  Practice,
Criminal, Arraignment.


Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on July 9, 2018.

The case was reported by Lowy, J.


John P. Zanini, Assistant District Attorney (Cailin M.
Campbell, Assistant District Attorney, also present) for the
Commonwealth.
Sarah M. Joss, Special Assistant Attorney General
(Nickeisha J. Davidson also present) for Massachusetts Probation
Service.
Maureen Stanton Flaherty for the respondent.
Dana Alan Curhan, for Committee for Public Counsel Services
& another, amici curiae, submitted a brief.


LENK, J.  The pretrial diversion statute, G. L. c. 276A,

allows certain first-time offenders, who are charged with

specified offenses in the District Court or the Boston Municipal

Court, to seek pretrial diversion to a treatment program rather than proceed on the trial track.  If, after screening, the probation service determines that the individual is eligible for pretrial diversion, and the program to which the probation service refers the individual for assessment determines that the person would benefit from participation in the program, a judge has discretion to stay or continue the criminal proceedings and assign the individual to a diversion program.  See G. L. c. 276A, §§ 2, 3, 5.  If the person successfully completes the program, the judge may dismiss the criminal charges.  G. L. c. 276A, §§ 5, 7.

In this matter, we consider two issues arising under the pretrial diversion statute.  First, whether the pretrial diversion statute, G. L. c. 276A, § 3, requires, at the Commonwealth's request, that a judge arraign a defendant before he or she may take advantage of a pretrial diversion program. Second, whether, during the statutory screening period, see G. L. c. 276A, § 3, or thereafter if the Commonwealth does not seek arraignment, a judge has authority to order conditions of release, including global position system (GPS) monitoring or drug screening by the probation service.

As to the first question, we conclude that, under G. L. c. 276A, § 3, a judge may not decline to arraign an adult defendant, over the Commonwealth's objection, and instead direct

the defendant to a pretrial diversion program. Although other pretrial diversion programs statutorily mandate that a judge may not arraign an eligible defendant before that defendant has an opportunity to complete a pretrial diversion program, the language of G. L. c. 276A, § 3, requires arraignment, at the Commonwealth's request, before a defendant can participate in a pretrial diversion program. Compare G. L. c. 12, § 34, G. L. c. 119, § 54A, and G. L. c. 276B, § 2, with G. L. c. 276A, § 3.

As to the second question, we conclude that, whether during the screening period prior to arraignment, see G. L. c. 276A, § 3, or thereafter if the Commonwealth does not seek arraignment, a judge may order conditions of release. In ordering those conditions, should a judge determine that supervision by the probation service is necessary, the judge has authority to order those services.

Background. The essential facts are undisputed. In November 2017, the defendant was charged in the Boston Municipal Court with assault and battery, G. L. c. 265, § 13A (a), after an alleged altercation with her boyfriend's former girlfriend. At her initial appearance before a judge of that court, the defendant moved to continue her arraignment so that she could be assessed for eligibility for pretrial diversion. Over the Commonwealth's objection, the judge continued the arraignment for two weeks. The judge also ordered, as a condition of

release, that the defendant stay away from the alleged victim; the Commonwealth did not object to the condition. At the next hearing, the judge determined that the defendant was eligible for pretrial diversion and continued the case for about ninety days, pursuant to G. L. c. 276A, § 5. The Commonwealth did not object to the defendant's placement in a pretrial diversion program, but again objected to the lack of arraignment.

Thereafter, the matter was continued a number of times, for reasons, such as court scheduling, that are unrelated to the issues before us. Arguing that the victim had accused the defendant of two instances of harassment after pretrial diversion had begun, the Commonwealth sought at several of those hearings, before different judges, to have the defendant removed from pretrial diversion and the case returned to the trial list. The Commonwealth also moved to arraign the defendant. The defendant requested that GPS monitoring be imposed, in order to allow her to prove that she had not been in contact with the victim. The Commonwealth did not oppose the imposition of GPS monitoring, and a judge allowed the request. That judge also scheduled an evidentiary hearing to determine whether the defendant indeed had been in contact with the alleged victim, in violation of the terms of her pretrial diversion; the judge

commented that he would not arraign the defendant until he heard from the victim.[1]

The probation service thereafter appeared ex parte before the judge, arguing that it had no authority to conduct GPS monitoring of the defendant, because she had not been arraigned; the judge again ordered that GPS be imposed. While the evidentiary hearing was pending, the Commonwealth filed a petition for extraordinary relief, pursuant to G. L. c. 211, § 3, in the county court. The single justice reserved and reported the matter to the full court.

Discussion. 1. Statutory framework. The pretrial diversion statute, G. L. c. 276A, provides judges of the District Court and the Boston Municipal Court Departments authority to divert eligible individuals to a program of

---

[1] The posture of this case is somewhat sui generis. At the time of the offense, the defendant was twenty-eight years old and apparently not eligible for pretrial diversion under the then-existing version of the statute, which was intended for youthful offenders. Nonetheless, the judge had discretion to refer the defendant for assessment by the probation service, even if she appeared preliminarily to be ineligible. See G. L. c. 276A, § 3. The Commonwealth did not raise any objection to the defendant being placed in a pretrial diversion program; it objected only to the lack of arraignment at any point in the proceedings. By the time the defendant had been evaluated and determined to be eligible to participate in a specific program, the pretrial diversion statute had changed to include first-time adult offenders. See St. 2018, c. 69, § 197. The parties' briefs address the statute as it is now in effect, and do not mention any question of ineligibility due to the defendant's age at the time of the alleged offense.

community supervision and services rather than subject them to the criminal trial process. See G. L. c. 276A, § 2. The statute "originally was intended to provide rehabilitation to those whose criminal habits had not become 'fixed'" (citation omitted). See Commonwealth v. Morgan, 476 Mass. 768, 779 (2017). When it was first enacted in 1974, the statute applied only to young adults between the ages of eighteen and twenty-two; in 2012, it was amended to include veterans and active duty members of the military. See G. L. c. 276A, §§ 10, 11; St. 2012, c. 108, § 16.

In 2018, as part of the comprehensive criminal justice reform act, the Legislature again amended the statute, this time to eliminate any age restrictions, making it applicable to all first-time offenders who are charged with offenses for which a term of imprisonment may be imposed by a judge of the District Court or the Boston Municipal Court, and who meet other eligibility criteria.[2] See G. L. c. 276A, § 2, as amended

---

[2] The pretrial diversion statute in its current form includes ten sections. See St. 2018, c. 69, §§ 200, 201. General Laws c. 276A, § 1, contains applicable definitions. Section 2 describes the jurisdiction of the court to divert offenders for certain offenses that may be punished by a term of incarceration of no more than five years. Section 3 defines the screening procedures for admission to a diversion program. Section 4 describes those defendants who are categorically ineligible for diversion, including those charged with violent crimes against the person, crimes by public officials, and certain sex offenses. Section 5 defines the required assessment and recommendation for pretrial diversion, to be provided to the

through St. 2018, c. 69, § 197.[3]  Also as part of the criminal

justice reform act, see St. 2018, c. 69, the Legislature adopted

separate provisions establishing juvenile pretrial diversion

(G. L. c. 119, § 54A, inserted by St. 2018, c. 69, § 75);

pretrial diversion for those with mental health and substance

abuse issues (G. L. c. 12, § 34, inserted by St. 2018, c. 69,

§ 16); and community-based restorative justice diversion

programs, with the consent of the district attorney and the

victims (G. L. c. 276B, § 2, inserted by St. 2018, c. 69,

§ 202).

---

judge at the conclusion of the assessment period, and the final
determination and stay of proceedings if the judge, in his or
her sole discretion, after having received a recommendation from
the prosecutor, determines that diversion would be appropriate.
Section 6 provides procedures for handling violations of the
terms of a program.  Section 7 covers the process for dismissing
charges following the successful completion of a program.
Sections 10 and 11 concern diversions and continuances for
veterans and active duty military personnel.  Section 12
instructs that police officers and prosecutors have authority to
divert an offender into a program that they operate.

[3] Under G. L. c. 276A, § 2, a defendant is eligible for
pretrial diversion if he or she is charged with an offense for
which a term of imprisonment may be imposed by a judge of the
District Court or Boston Municipal Court; has not previously
been convicted of a violation of any law, in the Commonwealth or
elsewhere; does not have any outstanding warrants, continuances,
appeals, or criminal cases pending; and would benefit from
participation in a program.

General Laws c. 276A, § 3, is the sole applicable section of the pretrial diversion statute that mentions "arraignment."[4] It defines the procedures to be used in determining whether a defendant is eligible and would benefit from a pretrial diversion program:

> "The probation officers of a district or municipal court, or an official designee of such a probation officer, when gathering information in accordance with [G. L. c. 276, § 85], shall also screen each defendant for the purpose of enabling the judge at arraignment to consider the eligibility of the defendant for diversion to a program. The probation officers or an official designee shall also confirm the defendant's status as a veteran or as a person on active service in the armed forces of the United States and shall determine if the defendant has previously been diverted pursuant to clause (ii) of [§ 4 (c)].

> "Any defendant who is qualified for consideration for diversion to a program may, at his arraignment, be afforded a fourteen-day continuance for assessment by the personnel of a program to determine if he would benefit from such program.

> "A defendant who is determined to be a veteran or a person on active service in the armed forces of the United States and who is qualified for consideration to diversion to a program may, at arraignment, be afforded a [thirty]-day continuance for assessment by the United States Department of Veteran's Affairs or another state or federal agency with suitable knowledge and experience of veterans affairs to determine if the veteran or person on active service would benefit from such program.

---

[4] General Laws c. 276A, § 10, which also mentions arraignment, applies only to veterans and active duty service members whose status must be verified by the probation service, at or prior to arraignment, in order to be eligible for pretrial diversion.  The statute allows a thirty-day assessment period during which the probation service must verify the individual's status.  See G. L. c. 276, §§ 3, 10.

"If a defendant chooses to accept the offer of a continuance for the purpose of such an assessment, he shall so notify the judge <u>at arraignment</u>. Upon receipt of such notification, the judge shall grant a fourteen-day continuance. The judge, through the probation office or its official designee, shall direct the defendant to a program and shall inform said program of such action.

"The judge may, in his discretion, grant a defendant who is preliminarily determined not to be eligible because of a failure to satisfy all the requirements of section two, a like fourteen-day continuance for assessment. In arriving at such a decision the opinion of the prosecution should be taken into consideration. Such a continuance may be granted upon the judge's own initiative or upon request by the defendant." (Emphases added.)

Thus, a possibly qualified defendant "may, <u>at his [or her] arraignment</u>, be afforded a fourteen-day continuance" for assessment to determine whether he or she would benefit from participation in a particular program (emphasis added). See G. L. c. 276A, § 3. If a defendant qualifies for a program and consents to participate in it, his or her "criminal proceedings . . . shall be stayed for a period of ninety days" so that the defendant can complete the program.[5] G. L. c. 276A, § 5. Upon successful completion of an assigned program, a judge may "dismiss the original charges pending against the

---

[5] A stay may be granted only if a defendant "consents in writing to the terms and conditions of the stay of proceedings and knowingly executes a waiver of his [or her] right to a speedy trial." G. L. c. 276A, § 5.

defendant," resulting in no criminal conviction on the defendant's record.[6]  See G. L. c. 276A, § 7.

2.  Statutory construction.  We consider first whether the pretrial diversion statute requires that, on the Commonwealth's motion, a judge arraign a defendant before he or she may take advantage of a pretrial diversion program.  In the Commonwealth's view, requiring arraignment on the prosecutor's request is consistent with the statutory purpose; it ensures that pretrial diversion is available only to those adults who have no prior involvement in the criminal justice system, information that generally becomes available at arraignment.[7]

The defendant argues that arraignment before diversion is inconsistent with the statutory purpose of allowing certain first-time offenders to avoid the considerable negative consequences that follow from having a criminal record.  She argues that even a dismissed charge can result in difficulties

---

[6] If a defendant has not successfully completed a pretrial diversion program after an initial ninety-day period, the proceedings may be stayed or continued for an additional ninety days, to enable the defendant to do so.  See G. L. c. 276A, § 7.

[7] The Commonwealth argues also that the judge's decision not to arraign the defendant in this case constituted a violation of the separation of powers, as set forth in art. 30 of the Massachusetts Declaration of Rights.  Given our result, we need not reach this argument.  Cf. Commonwealth v. Jones, 471 Mass. 138, 143 (2015) (statutes are to be construed "where fairly possible so as to avoid constitutional questions" [citation omitted]).

in education, housing, and employment.  The defendant maintains that diverting offenders prior to arraignment is the best way to ensure, as the Legislature intended, that a first-time offender does not face these significant collateral consequences.  See Commonwealth v. Humberto H., 466 Mass. 562, 574-575 (2013).

As with all matters of statutory construction, our goal in construing the pretrial diversion statute is to ascertain and effectuate the intent of the Legislature.  See Commonwealth v. Curran, 478 Mass. 630, 633 (2018).  "[C]onsistent with our general practice of statutory interpretation, we look first to the language of the statute because it is 'the principal source of insight' into the intent of the Legislature."  Sisson v. Lhowe, 460 Mass. 705, 708 (2011).  See Morgan, 476 Mass. at 777, citing Commonwealth v. Peterson, 476 Mass. 163, 167 (2017) ("The plain language of the statute, read as a whole, provides the primary insight into that intent").  Where the plain language is unclear or ambiguous, we strive to discern the legislative intent in enacting a statute "from all its parts and from the subject matter to which it relates, and must interpret the statute so as to render the legislation effective, consonant with sound reason and common sense."  See Seideman v. Newton, 452 Mass. 472, 477 (2008).

3.  Meaning of "at arraignment" in G. L. c. 276A, § 3.
General Laws c. 276A, § 3, requires that the probation service

screen "each" defendant "for the purpose of enabling the judge at arraignment to consider the eligibility of the defendant for diversion to a program" (emphasis added). "Any defendant who is qualified for consideration for diversion to a program may, at his [or her] arraignment, be afforded a fourteen-day continuance for assessment by the personnel of a program to determine if he [or she] would benefit from such program" (emphasis added). Id. If a defendant chooses to be assessed for a pretrial diversion program, that defendant "shall so notify the judge at arraignment" (emphasis added). Id.

Starting from this plain language, and considering the words in their "ordinary and approved usage" (citation omitted), see Ciani v. MacGrath, 481 Mass. 174, 178 (2019), we understand the term "at arraignment" in the pretrial diversion statute to mean that the pretrial diversion process begins when a defendant is called to answer the charges against him or her for the first time, that is, at the time and place of arraignment.

Although the statute has been amended a number of times since it was first enacted in 1974, the phrase "at arraignment" in this section of the statute has remained unchanged. Indeed, in 2018, in conjunction with the removal of any age restriction, and the addition of the three new pretrial diversion programs established by the criminal justice reform act, a fourth occurrence of the phrase "at arraignment" was added to § 3. See

G. L. c. 276A, § 3, as amended by St. 2018, c. 218, §§ 33, 34; St. 2018, c. 69, §§ 196-201.  Thus, in contrast to all the new pretrial diversion programs, when the Legislature expanded the statute so that it was applicable to all adults, the Legislature continued to use the language that had been in place for youths since 1974, which required the pretrial diversion process to begin "at arraignment."

At the same time, the language the Legislature used for the new diversion programs was quite different.  The restorative justice program, for instance, provides that a "juvenile or adult defendant may be diverted to a community-based restorative justice program pre-arraignment or at any stage of a case with the consent of the district attorney and the victim. Restorative justice may be a final case disposition, with judicial approval.[8]  If a juvenile or adult defendant successfully completes the community-based restorative justice program, the charge shall be dismissed."[9]  (Emphasis added.)  See G. L. c. 276B, § 2.

---

    [8] Pretrial diversion under a restorative justice program differs from all other pretrial diversion programs in that it requires the consent of the prosecutor and the victim.  See G. L. c. 276B, § 2.

    [9] The language used to begin a diversion program for a person charged with a drug crime who suffers from drug abuse also differs significantly from the "at arraignment" language of G. L. c. 276A, § 3.  "Any defendant who is charged with a drug offense shall, upon being brought before the court on such

The Legislature adopted similar prearraignment provisions for veterans, those with substance abuse issues, and those with mental health problems.  For those individuals, the criminal justice reform act mandates that each district attorney "establish a <u>pre-arraignment diversion program</u> which may be used to divert a veteran or person who is in active service in the armed forces, a person with a substance use disorder or a person with mental illness if such veteran or person is charged with an offense or offenses against the commonwealth" (emphasis added).[10]  See G. L. c. 12, § 34, inserted by St. 2018, c. 69, § 16.  This section expands upon a pretrial diversion program for veterans

_____

<u>charge</u>, be informed that he is entitled to request an examination to determine whether or not he is a drug dependent person who would benefit by treatment, and that if he chooses to exercise such right he must do so in writing within five days of being so informed. . . .  If the defendant requests assignment and if the court determines that he is a drug dependent person who would benefit from treatment the court may stay the court proceedings and assign him to a drug treatment facility.  An order assigning a person under this section shall specify the period of assignment, which shall not exceed eighteen months or the period of time equal to the maximum sentence he could have received had he been found guilty of every count alleged in the complaint or indictment, whichever is shorter" (emphasis added).  G. L. c. 111E, § 10.  If an individual successfully completes a drug treatment program, a judge "<u>shall</u>" dismiss the charges (emphasis added).  <u>Id</u>.

[10] For all these programs, the rationale of treatment is to remove the cause of further offending by treating the addiction, mental illness, or posttraumatic stress disorder that is resulting in the offender's commission of the offenses.  Thus, treatment benefits both the individual and the public.  See G. L. c. 276A, § 1.

and military service members that the Legislature enacted in 2012.  See G. L. c. 276A, §§ 10, 11.  At that point, in a provision unchanged with the more recent modifications, the Legislature required the probation service to determine an individual's status as a veteran "at or prior to arraignment." Compare G. L. c. 276A, § 10, inserted by St. 2012, c. 108, § 16, with G. L. c. 276A, § 3.

Likewise, for juveniles, the criminal justice reform act created a new diversion program that explicitly requires prearraignment diversion.  "A child complained of as a delinquent child may, upon the request of the child, undergo an assessment prior to arraignment to enable the judge to consider the suitability of the child for diversion.  If a child chooses to request a continuance for the purpose of such an assessment, the child shall notify the judge prior to arraignment. . . .  If a case is continued pursuant to this subsection, the child shall not be arraigned and an entry shall not be made into the criminal offender record information system until a judge issues an order to resume the ordinary processing of a delinquency proceeding.  A judge may order diversion without first ordering an assessment in any case in which the court finds that sufficient information is available without an assessment."

(Emphasis added.)[11]  See G. L. c. 119, § 54A (b), inserted by St. 2018, 69, § 75.

Thus, clearly, had the Legislature wished pretrial diversion for ordinary adult offenders to begin "prior" to arraignment, it could have used similar language; it chose not to do so.  See Commonwealth v. Dayton, 477 Mass. 224, 228 (2017) ("where the Legislature used specific language in one part of an enactment . . . , but not in another . . . , the language should not be implied where it is not present").  Instead, the Legislature used different phrases to indicate when pretrial diversion is to begin for ordinary adult offenders and all other categories of offenders who are eligible for any form of pretrial diversion.  This evinced an evident legislative intent that, if the Commonwealth seeks arraignment, an arraignment must take place before an adult defendant may be referred to a pretrial diversion program.  See Sharris v. Commonwealth, 480

---

[11] The rationale underlying this dissimilar treatment of adults and juveniles likely arises from a belief that "younger offenders are more susceptible to rehabilitation than older offenders."  See Zablotsky, An Analysis of State Pretrial Diversion Statutes, 15 Colum. J. L. & Soc. Probs. 1, 30 (1979).  The Legislature and the courts often treat juvenile offenders differently from adult offenders, in recognition of the fact that the juvenile justice system "is primarily rehabilitative, cognizant of the inherent differences between juvenile and adult offenders, and geared toward the correction and redemption to society of delinquent children" (quotation and citation omitted).  See Commonwealth v. Humberto H., 466 Mass. 562, 574 (2013).

Mass. 586, 594 (2018) (where language of statute is plain, it ordinarily is "conclusive as to legislative intent" [citation omitted]).

Whatever the Legislature's reasoning in treating ordinary adult offenders differently, we may not rewrite the pretrial diversion statute to contain language the Legislature did not see fit to include.  Cf. Sisson, 460 Mass. at 720 (Spina, J., dissenting) ("The Legislature knows how to write exceptions," and where "it has expressed its intent as to only one exception," we do not add to it).  Courts may not read into a statute a provision that the Legislature did not enact, nor "add words that the Legislature had an option to, but chose not to include," see Commissioner of Correction v. Superior Court Dep't of the Trial Court, 446 Mass. 123, 126 (2006).  Accordingly, we conclude that the Legislature intended that participation in pretrial diversion for adult defendants begins "at arraignment," if the Commonwealth moves to arraign a defendant.

We recognize that there is some tension between the statutory language and the apparent purpose underlying pretrial diversion.  Although the legislative history for the adult pretrial diversion statute is scant, we understand that its purpose, as with pretrial diversion for juveniles, is to provide rehabilitative programming so that individuals can address the underlying conditions that lead to their criminal behavior.

Treating the cause of the behavior is intended to reduce recidivism, increase public safety, and allow the individual to participate as a productive member of society, without incurring the serious collateral consequences (and concomitant difficulty in productive participation) that may arise from a criminal record. See generally Morgan, 476 Mass. at 779-780; Zablotsky, An Analysis of State Pretrial Diversion Statutes, 15 Colum. J. L. & Soc. Probs. 1, 8 (1979); Note, Pretrial Diversion from the Criminal Process, 83 Yale L.J. 827, 827 & nn.1, 2 (1974). Nonetheless, "this purpose should not be used as a means of disregarding the considered judgment of the Legislature" in crafting statutory language that anticipated a formal arraignment at the Commonwealth's request. See Globe Newspaper Co. v. Boston Retirement Bd., 388 Mass. 427, 436 (1983).[12]

The pretrial diversion statute, as adopted, does provide significant opportunities for a defendant who successfully

---

[12] In this case, the record indicates several reasons why the judges were reluctant to pursue an arraignment. It is apparent that the judge who ordered the evidentiary hearing had serious doubts as to the victim's credibility, for understandable reasons. On this record, the defendant had obtained a restraining order against the victim, had changed her telephone number, and had moved to another city, after the victim appeared at the defendant's house and allegedly engaged in repeated acts of harassment. Indeed, at one of the hearings in this case, the victim was present in court on an unrelated criminal case and apparently attacked the defendant. Nonetheless, it is the Commonwealth's prerogative to decide whether to pursue an arraignment. See G. L. c. 276, § 58.

completes a pretrial diversion program to avoid the more severe consequences that arise from having a criminal conviction, because the judge then may dismiss the case.  See G. L. c. 276A, § 7; Morgan, 476 Mass. at 772 ("Imposing an alternative disposition to avoid a criminal conviction furthers these goals").

Moreover, although a judge may not decline to arraign an adult defendant over the Commonwealth's objection, see G. L. c. 276, § 58 ("The [C]ommonwealth shall be the only party permitted to move for arraignment . . ."), the Commonwealth also has the inherent authority to decide not to pursue an arraignment.  See Commonwealth v. Moore, 93 Mass. App. Ct. 73, 77-79 (2018).  The pretrial diversion statute apparently contemplates a prosecutor's decision not to pursue formal arraignment.  See G. L. c. 276A, § 12, inserted by St. 2018, c. 69, § 201 (nothing in this chapter "shall limit or govern the authority of a district attorney or a police department to divert an offender").  The Commonwealth does appear to be choosing this route more frequently.  See Commonwealth v. Newton N., 478 Mass. 747, 758 & n.6 (2018).  The Commonwealth's decision not to pursue arraignment also serves the legislative purpose, and may be more consistent with the treatment of pretrial diversion in the other, more specialized diversion programs.  See, e.g., G. L. c. 119, § 54A (juveniles); G. L.

c. 276B, § 2 (restorative justice programming); G. L. c. 12, § 34 (mental health and substance abuse).[13] Where appropriate, pretrial diversion also saves significant police, prosecutor, and court resources. See People v. Superior Court of San Mateo County, 11 Cal. 3d 59, 61-62 (1974) (pretrial diversion is "[a] quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system . . . , and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing"). Cf. Eagle-Tribune Publ. Co. v. Clerk-Magistrate of the Lawrence Div. of the Dist. Court Dep't, 448 Mass. 647, 650 (2007).

4. Conditions of release. We turn to the question of imposition of conditions of release prior to arraignment. The Commonwealth argues that the judge lacked statutory or inherent authority to impose any conditions of release, such as the no-contact order and GPS monitoring, because the defendant had not been formally arraigned. For the same reason, the Commonwealth argues that the probation service could not supervise the defendant.

---

[13] In continuing to use the "at arraignment" language for first-time adult offenders, it is possible the Legislature had in mind its recent expansion of the circumstances, after a specified period of time, in which a defendant may seek to have any record of his or her court appearances or alternative dispositions sealed. See G. L. c. 276, § 100A, as amended through St. 2018, c. 69, §§ 186-192.

As an initial matter, we note that the Commonwealth did not lodge a contemporaneous objection to the imposition of conditions of release prior to the defendant's arraignment. To the contrary, the Commonwealth agreed to the no-contact order. It later requested that the defendant be removed from pretrial diversion because of a suggestion that she had violated the no-contact order, not because the condition had been imposed improperly. The Commonwealth also did not object when the defendant subsequently sought imposition of GPS monitoring. Therefore, the Commonwealth's challenge to the conditions of release at this point is unavailing. Cf. Commonwealth v. Plasse, 481 Mass. 199, 206 (2019) (party cannot properly challenge on appeal condition that he or she requested below). Where the defendant requested that a condition of release be imposed as a desirable alternative to arraignment, and the Commonwealth assented to that condition, we discern no error in the judge's imposition of the condition.

Addressing the matter on the merits under our superintendence power, we do not agree that the judge had no authority to impose conditions of release. Among other things, the imposition of conditions of release prior to arraignment is explicitly contemplated in the multiple programs that either require, or permit, pretrial diversion without arraignment. See, e.g., G. L. c. 12, § 34 (mental health and substance abuse

programming prior to arraignment); G. L. c. 111E, § 10 (drug offense where defendant is addict); G. L. c. 119, § 54A (pretrial diversion for juveniles prior to arraignment); G. L. c. 276B, § 2 (restorative justice programming prior to arraignment). Even where pretrial diversion is not contemplated, we have held that, at a defendant's initial appearance, ordinarily "the court must either arraign the defendant or set a time for arraignment, and determine the conditions of the defendant's release" (footnote omitted).  See Commonwealth v. Butler, 423 Mass. 517, 523 (1996).  Thus, a judge has authority to order conditions of release for a defendant who has not been arraigned.  See Commonwealth v. New York Cent. & H. R. R.R., 206 Mass. 417, 429 (1910) ("Where there is power in a court to hear and determine a case, there is also power to issue proper process to enforce its orders").

When conditions are ordered, the probation service may need to monitor the defendant and perform "such other duties as the court requires."  See, e.g., First Justice of the Bristol Div. of the Juvenile Court Dep't v. Clerk-Magistrate of the Bristol Div. of the Juvenile Court Dep't, 438 Mass. 387, 400 (2003), quoting G. L. c. 276, § 85.  Thus, whether the arraignment took place had no bearing on whether the judge could order conditions of release such as GPS monitoring by the probation department.

5.  <u>Conclusion</u>.  The case is remanded to the county court for entry of an order remanding the matter to the District Court for further proceedings consistent with this opinion.

<u>So ordered</u>.