NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-878

COMMONWEALTH

vs.

ALIMS MYRTHIL, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order of a judge of the Dorchester Division of the Boston Municipal Court allowing the defendant's motion to dismiss and from an order denying the Commonwealth's motion to reconsider the dismissal.  We reverse.

Background.  On September 6, 2018, the defendant was charged with operating a motor vehicle under the influence of liquor (OUI), second offense, and operating a motor vehicle after a license suspension for OUI.  After some preliminary hearings, the case was scheduled for trial on May 23, 2019.  Both parties answered ready for trial, but the case was continued due to court congestion.  On the next scheduled trial date of July 25, 2019, the Commonwealth answered not ready for trial because the arresting officer was unavailable.  The judge

(first judge) dismissed the case without prejudice for want of prosecution.

On November 6, 2019, the arresting officer applied for a new complaint based on the same incident. After a clerk's hearing on December 19, 2019, a new complaint issued for the same charges.[1] On March 6, 2020, the defendant filed a motion to dismiss the new complaint prior to arraignment. After a hearing on the motion, a second judge entered findings and rulings and allowed the motion to dismiss. The Commonwealth filed a motion to reconsider, which the judge denied "in the interest of justice." This appeal followed.

Discussion. We review the granting of a motion to dismiss for want of prosecution for an abuse of discretion. See Commonwealth v. Rosa, 491 Mass. 369, 370 (2023). This case is controlled in all material respects by Rosa. In Rosa, a judge allowed the defendant's motion to dismiss for want of prosecution and added a condition, requiring the Commonwealth to file a motion to vacate the dismissal if it chose to pursue the case in the future. See id. at 371-372. The court held that this ruling violated art. 30 of the Massachusetts Declaration of Rights by interfering "with the prosecutor's exclusive

---

[1] The defendant did not appear at the clerk's hearing because he did not receive notice of the hearing, which was mailed to an incorrect address.

'discretion in deciding whether to prosecute a particular defendant.'" Id. at 374, quoting Commonwealth v. Cheney, 440 Mass. 568, 574 (2003). The defendant contends that because one judge dismissed the first case, and another judge dismissed the second case, Rosa (in which the same judge dismissed both cases) does not control. This is a distinction without a difference, as the judge's orders here, as in Rosa, "constituted a hurdle for the Commonwealth to overcome in order to reprosecute the case."[2] Rosa, supra.

Additionally, under separation of powers principles, a judge may determine "only whether a sufficient legal basis exists for issuance of a criminal complaint." Commonwealth v. Moore, 93 Mass. App. Ct. 73, 77 (2018). Put another way, the decision to prosecute a case lies exclusively with the executive branch, and therefore a judge may not dismiss a legally valid complaint over the Commonwealth's objection. See Rosa, 491 Mass. at 372. "Only an attorney authorized by the Commonwealth to represent it has authority to declare that he will not

---

[2] In connection with dismissing this case, the judge said that the Commonwealth could file a motion to reconsider before the first judge or a motion to vacate the first dismissal. Because the time to file a motion to reconsider the first judge's order of dismissal has long passed, see Commonwealth v. Montanez, 410 Mass. 290, 294 (1991), citing Mass. R. A. P. 4 (b), as amended, 378 Mass. 928 (1979), and there is no statute or rule that permits the Commonwealth to file a motion to vacate, neither option was viable.

3

further prosecute a case in behalf of the Commonwealth." Moore, supra at 78, quoting Commonwealth v. Hart, 149 Mass. 7, 8 (1889).

Here the judge gave several reasons for dismissing the second complaint: (1) the defendant was unable to participate in the clerk's hearing, (2) there were now two docket numbers for this offense associated with the defendant, and (3) the passage of time negatively affected the defendant's ability to mount a defense. None of the reasons finds support in our common law. In the circumstances of the case, the defendant was not entitled to a clerk's hearing. See G. L. c. 218, § 35A; Boston Globe Media Partners, LLC v. Chief Justice of the Trial Court, 483 Mass. 80, 84-85 (2019). Even if he was, a "hearing, under [G. L. c. 218] § 35A, is not constitutionally mandated, and the statute provides no remedy for unjustified denial of a hearing." Commonwealth v. Irick, 58 Mass. App. Ct. 129, 132 (2003). The defendant has cited no case and we have found none that permits or mandates dismissal of a criminal case based on the way the charge will appear on the defendant's criminal record. Moreover, the statute of limitations for prosecuting an OUI is six years. See G. L. c. 277, § 63. And there was no evidence that the three-year delay so affected the defendant's ability to present evidence such that he can no longer receive a

fair trial.[3]  See Commonwealth v. Corbett, 26 Mass. App. Ct. 773, 779-780 (1989).  Finally, the second judge did not find that the charges were unlawful, nor could she.

Order allowing defendant's motion to dismiss reversed.

Order denying Commonwealth's motion to reconsider reversed.

By the Court (Blake, Walsh & Hershfang, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  July 5, 2023.

---

[3] Approximately one-half of the delay is attributable to the COVID-19 pandemic and therefore was unavoidable.  See Robert LeSage, petitioner, 488 Mass. 175, 186-187 (2021).
[4] The panelists are listed in order of seniority.

5